TRIGG, Appellant, v. TAYLOR *et al.*, Respondents.

1. A material alteration of a promissory note or bill of exchange will render the same invalid, even in the hands of an innocent holder, as against any party thereto not consenting to the alteration.
2. This rule applies to an accommodation note fraudulently altered before it is negotiated.

*Appeal from Cooper Court of Common Pleas.*

This was an action upon a negotiable promissory note for $1,500, dated May 8, 1857, made by W. W. Norris and John Taylor in favor of said Norris, and endorsed by Norris to plaintiff Trigg. Norris failed to answer. Taylor answered denying the execution of the note sued on. At the trial, it appeared in evidence that Taylor signed a note for $500 with said Norris and for his accommodation; that this note was fraudulently altered by Norris to a note for $1,500 and endorsed to plaintiff. This note, as altered, is the note sued on in this suit. The evidence conduced to show that the alteration was so skillfully done that in the ordinary transactions of business it would not have been noticed.

The cause was tried by the court without a jury. The plaintiff asked the court to give the following instructions or declarations of law : " 1. Defendant Taylor admits that he signed the note offered in evidence. 2. Even if the court find from the evidence that the instrument sued upon was altered by Norris after it was executed by Taylor, yet the court must find for the plaintiff unless the court shall further find that the alteration was made after the note came to the hands of plaintiff, or that said alteration was so obvious or apparent upon the face of said instrument as to prevent a person exercising reasonable care and diligence from the purchase of the same. 3. The presumption of law is that the alteration or erasure, if any exist, was made at the time of, or anterior to, the execution of the note ; and it devolves upon the defendant to show otherwise, unless the note pre-

sents upon its face such marks of alteration or erasure as would excite the suspicion of a man reasonably prudent and cautious in the transaction of business. 4. If the instrument sued upon was prepared by the defendants Norris and Taylor as an accommodation note for the benefit of Norris for the sum of $500, and the same was altered by the defendant Norris so as to make it appear upon its face a note for $1,500 before it came to the hands of plaintiff, or before it became an available instrument in the hands of any other person, then the court will find for the plaintiff the amount of said note, unless the court shall further find that the alteration was such as ought to have excited the suspicion of a prudent and careful man in the purchase of said note. 5. If the court find from the evidence that the note sued upon was executed by defendant for the sum of $500, then the plaintiff is entitled to recover that amount, unless said instrument was altered after it came into the hands of plaintiff." Of these declarations of law, the court gave the 1st and 3d, and refused the others.

The court gave the following declaration at the request of defendant Taylor: " 6. If the court find from the evidence that the note sued upon was for $500 when it was executed by defendant Taylor, and further finds that the same was afterwards altered by Norris, without the consent or knowledge of defendant Taylor, before it was transferred to plaintiff, then said note is void as to defendant Taylor."

The court rendered judgment against plaintiff.

*Stephens & Vest*, for appellant.

I. The court erred in refusing the fourth declaration asked by plaintiff. (See 8 Mo. 235 ; 2 Mason, 278 ; Byles on Bills, 255, 256 ; 8 Ad. & El. 136 ; 1 C. & M. 721 ; 1 C., M. & R. 127 ; 4 Tyrw. 598.) The court erred in refusing the second instruction asked by plaintiff. (Ib. ; 15 Mo. 342.) So also in refusing the fifth instruction. (8 Mo. 235 ; 2 Mason, 478 ; Story on Bills, 187, 191.) The court also erred in giving instruction asked by defendant. (Ib. ; 3 Kent, Comm. 79 ; Bayley on Bills, 512, 516 ; 9 Cranch, 37.)

*Adams*, for respondents.

I. The alteration of the note by Norris before he passed it to Trigg was a forgery and rendered the note absolutely void as to Taylor. (Byles on Bills, 253.) The fact that the alteration is so skillfully executed as to deceive a prudent man in the ordinary transaction of business is wholly immaterial.

RICHARDSON, Judge, delivered the opinion of the court.

It is a general rule that any alteration in a material part of a bill of exchange or promissory note, as in the date, sum, or time when payable, or consideration, or place of payment, will render the bill or note invalid, as against any party thereto not consenting to such alteration, even in the hands of an innocent holder. (Edwards on Bills, 95; Chitty on Bills, 182; Woodworth v. Bank of America, 19 John. 391; Nagro v. Fuller, 24 Wend. 374; Bruce v. Westcott, 3 Barb. 374.) The application of this principle is not affected by the skillfulness with which the alteration is made, or the probability that the closest observer will fail to discover it. In Hall v. Fuller, 5 Barn. & Cress. 750, a check, properly filled up for three pounds, drawn by a customer on his banker, came into the hands of a third person, who by a chemical process expunged the original sum and inserted a larger sum, but in such a manner that no person in the ordinary course of business could observe it. The banker paid the check, and it was decided that he could not charge the customer for any thing beyond the sum for which the check was originally drawn, and that as the customer in drawing the check gave no opening to the fraud, the consequences of it fell on the banker.

No good reason is perceived why the rule would not prevail in the case of an accommodation note fraudulently altered before it is negotiated; and the cases that distinguish accommodation paper, before it is issued, and negotiated instruments, will be found, we think, to have arisen under the

English stamp acts. The altered note is no more the act of the maker in one case than in the other; and because a person may be willing to serve a friend by the use of his name for a given sum, it is against the usual course of such transactions and the experience of men to say that an authority is inferred to substitute a large sum for that mentioned and fully written in the body of the note. The recognition of such a doctrine would destroy all confidence, for few men would be willing to aid others at the expense of their own ruin, which no degree of caution could avert. If a blank is left for the amount to be inserted, it may be said with some propriety that the person signing the instrument may be considered as having authorized it to be filled up for any amount, and that it is proper that he, rather than an innocent holder, should suffer the consequence of any abuse of his confidence; but no such authority can be presumed when the instrument is complete and the blanks entirely filled. If, however, a bill, note or check is so negligently drawn, with blank spaces left for the addition of other words or figures, that alterations can be made so as not to excite suspicion, the loss ought to fall on the person in fault; according to the familiar rule, that when one of two persons must suffer by the act of a third, the one who affords the means to the wrong-doer must sustain the loss. This was the principle on which Young v. Grote, 4 Bing. 253, was decided. In that case, a customer of a banker delivered to his wife printed checks, signed by himself, with blanks for the sums to be filled up by her. She caused them to be filled up with the words *fifty pounds*, the *fifty* being commenced with a small letter in the middle of a line, and in this condition she delivered the check, which was afterwards altered by inserting at the beginning of the line in which the word *fifty* was written, the words *three hundred*. The banker paid the check for three hundred and fifty pounds, and it was held that the loss must fall on the customer. But the case at bar was not tried on this theory; and the question whether the defendant was guilty of negligence in leaving open spaces in the note

so that Norris, with greater facility, could alter the amount and impose on the plaintiff, was not submitted to the jury in any of the instructions.

The fifth instruction asked by the plaintiff was properly refused, because the fraudulent alteration avoided the security, and as the plaintiff could not recover by force of the instrument on which he declared, he could not recover at all. (Sutton v. Toomer, 5 Barn. & Cress. 416; Chitty on Bills, 191.) The other judges concurring, the judgment will be affirmed.