JOHN C. IVORY, Plaintiff in Error, *v.* GEORGE B. MICHAEL and THOMAS CAMPBELL *et al.*, Defendants in Error.

*Note—Alteration.*—Any material alteration in a bill or note will render such bill or note invalid as against a party not consenting to such alteration, even in the hands of an innocent holder. The adding at the end of a note, " bearing ten per cent. interest from maturity," is a material alteration.

### Error to St. Louis Court of Common Pleas.

*Garesché* and *Bakewell*, for plaintiff in error.

I. The insertion in the blank of " ten per cent. after maturity," if material at all, was only material *pro tanto* — that is, for the difference between six and ten per cent., for the note would bear six per cent. after maturity.

II. The defendant Michael is bound by the insertion in the blank, not only on the score of presumed authority in Campbell to fill it up, but also for the reason that a party who endorses paper wholly or partially in blank is bound by any sum, or time, or terms of payment which the person to whom he entrusts the paper chooses to insert in it. (Toney v. Fisk, 10 S. & R. 590 ; Smith v. Wyckhoff, 3 Sand. Ch. 77 ; Russell v. Langsteffe, 2 Doug. 514 ; Violett v. Patton, 5 Cranch, 142 ; Johnson v. Blasdale, 1 S. & R. 1.)

*Lackland, Cline & Jamison*, for defendants in error.

The words " bearing ten per cent. after maturity " were inserted in the note sued on after Michael had endorsed it, and without his knowledge or consent.

The insertion of those words was a material alteration, and made the note void as to Michael. Those words are operative, and introduced a new condition into the contract, and extended the liability. The note, therefore, was not the same contract. The alteration was therefore material. (2 Parsons on Notes & Bills, 545 & 549 ; Warrington v. Early, 22 E. C. L. & E. 208 ; Haskell v. Champion, 30 Mo. 136 ; Trigg v. Taylor, 27 Mo. 247.)

Writing in the margin, " payable at the Bank of America,"

Ivory v. Michael et al.

held to be a material alteration. (Woodworth v. Bank of America, 19 Johns. 391.) The words "payable at the Bank of Pittsburg" inserted in a note are material. (Simpson v. Stockhouse, 9 Barr. 186; Byles on Bills, t. p. 386.) Addition of words, "with interest from date," is material alteration. (Brown v. Jones, 3 Porter, 420; Martindale v. Follet, 1 N. H. 95; Davis v. January, 1 Met. 221; Mason v. Bradley, 11 M. & W. 589; Nazro & Green v. Fuller & Patterson, 24 Wend. 374; Oakey v. Wilcox, 3 How. Miss. 330; Johnson v. U. S. Bank, 2 B. Mon. 310; 7 S. & R. 505.)

What is a material alteration, is a question of law for the court. (Stephens v. Graham, 7 S. & R. 505; 2 Parsons on Notes & Bills, 549–50; Brown v. Jones, 3 Port. Ala. 420; Sutton v. Toomer, 7 B. & C. 416; Warrington v. Early, 2 El. & Black. 763; Watterman v. Vfse, 43 Me. 504; Fisher v. Webster, 8 Cal. 109; Holland v. Hatch et al. 11 Ind. 497.)

BAY, Judge, delivered the opinion of the court.

This was a suit on a negotiable promissory note, against Campbell as maker, and Michael as endorser. The note is in the words and figures following:

"$1,100.— St. Louis, Mo., Sept. 30th, 1859. Thirty days after date I promise to pay to the order of Geo. B. Michael eleven hundred dollars, for value received, negotiable and payable without defalcation or discount, bearing ten per cent. after maturity.—T. Campbell. (Endorsed,) Geo. B. Michael."

A default was taken against Campbell. Michael, the endorser, filed his answer, denying that he executed the note sued on, but admits that the endorsement is his signature. He alleges that after his endorsement a material alteration was made in the note by adding to the end of it the words, "bearing ten per cent. after maturity," and that said alteration and addition were made without his knowledge or consent.

The proof given upon the trial showed that Campbell and Michael had been in the habit for many years of endorsing

for each other; that the note in controversy was drawn and endorsed for the accommodation of Campbell; that one Augustus Hubbell, the clerk and agent of Campbell, took the note to Michael to procure his endorsement; that, after Michael endorsed it, he took the note to John Lady, a note broker, to be negotiated, or to be used in the renewal of a former note negotiated by Lady.. Lady objected to the note because it did not call for ten per cent. interest after maturity, whereupon Hubbell promised to call on Michael and obtain his consent to the alteration, but not being able to see Michael, added himself to the note the words, "bearing ten per cent. after maturity," and delivered the note to Lady, who negotiated it. The addition was made without the authority or knowledge of Michael, and there is no proof in the record to show that he subsequently ratified it. It is also proper to state that no evidence was elicited tending to show that the plaintiff had any knowledge of the alteration. A blank in the note with reference to the time of payment was also filled by Hubbell with the words, "thirty days."

After the court instructed the jury the plaintiff took a nonsuit, with leave, &c. A motion to set aside the nonsuit being overruled, the plaintiff sued out his writ of error.

It is insisted in the argument, that inasmuch as Michael endorsed the note with blanks in it, that Hubbell was thereby empowered to fill the blanks. It is true, as a principle of law, that he who signs a note or bill with blanks in it, and delivers it to another, authorizes such other to fill the blanks; but that principle cannot be invoked in this case, except so far as to warrant the insertion of the words, "thirty days." The insertion of the words, "bearing ten per cent. interest after maturity," was not the filling of a blank, as the note was a perfect instrument without it; but it was the adding of words to the end of the note, materially changing the terms of the contract by enlarging the liability of the endorser; and the doctrine is too well settled to need authority, that any material alteration in a bill of exchange or promissory note will render such bill or note invalid as

against a party not consenting to such alteration, even in the hands of an innocent holder.

This principle was applied by the court below, as manifested in the instructions given to the jury.

But one other point remains to be disposed of. The plaintiff offered to prove by the witness Lady that Hubbell told him that he had seen Michael and obtained Michael's consent to the alteration, which was objected to by defendant, and the objection sustained by the court. It is disclaimed in the argument that the evidence was offered to impeach Hubbell, but simply to prove the consent of Michael. For such a purpose it was clearly inadmissible. Hubbell was the agent of Campbell, and not the agent of Michael, and his declarations, therefore, were hearsay, and could in no sense affect the rights of Michael.

With the concurrence of the other judges, the judgment of the court below will be affirmed.