JOHN R. BRITTON, Respondent, *v.* ERNST H. DIERKER, Appellant.

1. *Bills and notes—Alteration of, prior to delivery, discharges surety, when.*—The alteration in the date of a note vitiates it as to a surety, where the alteration is made without his consent. And it makes no difference that the alteration was made by one of the makers prior to the delivery of the note.

*Appeal from St. Louis Circuit Court.*

*Bruere*, for appellant.

There was error in the refusal of defendant's first instruction. (Wood v. Steele, 6 Wall. 80; 2 Pars. Bills and Notes, 550–2; Chit. Bills, 182; Triggs v. Taylor, 27 Mo. 247; Henderson v. Bondurant, 39 Mo. 374.)

*Lewis*, and *Orrick & Emmons*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The evidence given on the trial of this cause tended to show that the note sued on was executed on the part of the defendant as the surety of the other makers; that after the note was signed by him, and without his knowledge or consent, but while it remained in the hands of the other makers, the date of the note was changed from "October —, 1867," to "November 17, 1867;" that such alteration was made prior to its delivery and without the privity of the plaintiff. The note was made payable to the order of the plaintiff six months after date. The trial was by the court, and defendant asked the following instruction,

which was refused: "If the court believes from the evidence that the word 'October' or the date of the month was struck out, and the date 'November 17' inserted, after the same was executed and delivered by the defendant to Barthol (one of the makers of the note), and that this was done without the consent or authority of the defendant, then the court will find for the defendant, even if it should believe that such alteration was made before the note was delivered to the plaintiff."

The refusal of this instruction is the principal matter complained of in the action of the court. The instruction presented a correct view of the law and ought to have been given.

The date was a material part of. the note, and its alteration without the surety's consent vitiated the note as to him. It ceased to be the same instrument he had signed, and imposed a liability different from that he had assumed. "The law," says Chief Justice Tenny, "carefully guards the rights of sureties upon an instrument, whether the relation of principal is shown by being a surety in the technical sense of the term, indorsed or otherwise. A promissory note signed by the principal and surety, or a note or bill indorsed for the accommodation of another party thereto, defines the liability intended to be assumed; and any alteration changing this liability without his consent will discharge him, such as the change of the date, the amount, the time or place of payment." (Waterman v. Vose, 43 Me. 511.) This is undoubtedly a correct statement of the law on the subject to which it relates. And it makes no difference that the alteration was made by one of the makers prior to the delivery of the note. (Wood v. Steele, 6 Wall. 80.) In all material circumstances Wood v. Steele is identical with the case now under consideration. There the date of the note was changed from "September, 1858," to "October 11, 1858," without the consent of the surety, and he . was held thereby to be discharged, although the change was made by one of the makers of the note prior to its delivery. (Heffner v. Wenrich, 32 Penn. St. 423; 2 Pars. Notes and Bills, 550; 33 Mo. 398, 406, 542.)

The judgment will be reversed and the cause remanded; the other judges concurring.