MORRISON et al., *Plaintiffs in Error*, v. GARTH.

**Alteration of Note.** Any alteration of a written instrument, after delivery, however immaterial in its nature, or however innocently made, without the consent of all parties, vitiates the instrument as to the parties not consenting.

CASE ADJUDGED. A note signed by C. & G. and by S. D. G. payable to the order of S. D. G., after its delivery to the parties for whom it was intended, was by them sent to S. D. G., who erased

Morrison v. Garth.

his signature as maker, indorsed said note and returned the same without the knowledge or consent of the other makers. *Held,* that, as to them, such alteration rendered the note void.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Karnes & Ess* for plaintiffs in error.

*F. Titus* for defendants in error.

WINSLOW, C.—This action is based on two promissory notes, both of the same tenor and date, one due in eight and the other in ten months after date. The petition is an ordinary declaration on indorsed and protested negotiable promissory notes against the makers and indorsers, and seems to be sufficient. The answer of S. D. Garth, who is sued as indorser, is a general denial. The answer of H. C. Garth, who, with Sanford Congdon, is sued as maker, under the firm name of Congdon & Garth, after a general denial, sets up an alteration of the notes, after delivery, without the knowledge or consent of the makers. There was a general reply to this defense. Congdon filed no answer. No demurrer was interposed to the petition, but on the trial defendants objected to the introduction of evidence under it, because it improperly joined two separate causes of action in one count; because defendants were improperly joined as makers and indorsers; because the notes sued on were not negotiable promissory notes, and because it failed to state facts sufficient to constitute a cause of action; all of which were overruled by the court.

The notes, certificates of protest and the deposition of Joseph C. Alexander, one of the plaintiffs, explaining the circumstances under which the notes were executed and the alleged alterations made, and proving how notice of protest was sent to the indorser, were all read in evidence against the objections of defendants. At the conclusion of

plaintiffs' evidence, defendants interposed a demurrer to the evidence, which the court sustained; the plaintiffs took a non-suit, and having duly perfected their record bring the case here for review by writ of error.

The protests are in the common form in use by notaries in this State, signed by the protesting notary and sworn to before another. They tend to show a timely presentation of the notes, as they became due, at the banking house of J. Q. Watkins & Co., a demand and refusal to pay, a formal protest and notice to the indorser. The notice for S. D. Garth, the indorser, was sent under cover to the plaintiffs, at their usual post-office address in New York; and the deposition of Joseph C. Alexander, one of the plaintiffs, shows that it was duly received, in each instance, and mailed to Garth, at his usual post-office address in Missouri. Some technical objections are raised, but not strongly urged, to those protests, but perceiving no material defects in them, or the notice, we will omit any further statement of this branch of the case.

All the other questions in the case arise on the face of the notes, which are exact copies, except as to the time of the payment. The first note due is in this form, as it appears in the record:

"$376.00        KANSAS CITY, Mo., June 15th, 1875.

Eight months after date we promise to pay to the order of S. D. Garth, $376, at the banking house of J. Q. Watkins & Co., value received, with interest at the rate of seven per cent per annum from date, with exchange on New York. Due 13--18 February.

CONGDON & GARTH.

Indorsed: S. D. GARTH.

Pay to the order of J. Q. Watkins, cashier.

MORRISON, HERRIMAN & Co."

Joseph C. Alexander, the only witness introduced, testified, by deposition, in substance as follows, on the subject of the execution, delivery and alteration of the notes : "Am

a member of the firm of Morrison, Herriman & Co., which is composed of the plaintiffs; the notes sued on were received by plaintiffs from Congdon & Garth in part settlement of goods sold and delivered them by plaintiffs on four months time; after the maturity of the debt, plaintiffs requested them to settle the balance of their account; to which they replied that they were unable to do so then; but if eight and ten months time were given them, they would give two notes indorsed by S. D. Garth; to which plaintiffs assented; and the notes sued on were executed accordingly; that said notes were sent to plaintiffs' firm's place of business, signed Congdon & Garth; and, also, the signature of S. D. Garth was underneath that of the firm of Congdon & Garth; that said notes were made payable to the order of S. D. Garth, and that when the plaintiffs' firm received them they discovered that said notes were not indorsed by S. D. Garth, whereupon they sent the notes back to S. D. Garth to have him indorse the same; that the plaintiffs' firm subsequently received said notes back with the name of S. D. Garth erased from the bottom of said notes, and with his indorsement on the back; that said erasure was made by S. D. Garth to correct a mistake, he having signed said notes at the bottom instead of on the back."

The controlling question in this case relates to the alteration of the notes, by the erasure of the name of S. D. Garth from the face, and placing it on the back, after their execution and delivery, by S. D. Garth, at the request of the payees, and without the knowledge and consent of the makers. That this was done was made clear beyond all question by the testimony of Joseph C. Alexander, one of payees. The rule is now firmly established in this State, that any alteration of a written instrument, after delivery, however immaterial in its nature, or however innocently made, without the consent of all the parties, vitiates the instrument. This question has been recently examined and put to rest in this court in the case of *First National Bank*

*of Springfield v. Fricke,* 75 Mo. 178, where the cases in this court are reviewed, and their doctrines re-affirmed. That case is entirely conclusive of the one at bar, on the several points involved. In fact this case is somewhat stronger in its facts; because here the name of a party, who apparently signed as maker, is erased, at the instance and for the convenience of the payees, without consulting the makers, and again signed on the back as an indorser; thereby changing the apparent nature of the contract. This suit is based upon the notes, and the question of the liability of Congdon & Garth for the original debt, mainly discussed by appellants' counsel, cannot affect this controversy. On the authority of the above cited case, and others cited, the judgment should be affirmed. *First National Bank of Springfield v. Fricke,* 75 Mo. 178; *Moore v. Hutchinson,* 69 Mo. 429; *Capital Bank v. Armstrong,* 62 Mo. 59; *German Bank v. Dunn,* 62 Mo. 79; *Evans v. Foreman,* 60 Mo. 449; *Haskell v. Champion,* 30 Mo. 136.