Marquis H. Moore, Appellant, v. Macon Savings Bank et al., Respondents.

Kansas City Court of Appeals, June 28, 1886.

1. Principal and Surety—Alteration of Instrument—Case Adjudged.—An *alteration* of an instrument is something by which its meaning or language is changed, either in a material or immaterial particular. If what is written upon or erased from the paper, containing the instrument, have no tendency to produce this result, or to mislead any person, it cannot be said to be an alteration. *Morrill v. Otis*, 12 N. H. 472). A valid parol agreement between the holder of a note and the principal in the note, without the surety's consent, for the extension of the time of the payment of the note will release the surety, because thereby the surety's contract is changed. But the indorsement of such an agreement upon the back of the note is not an *alteration of the note itself*; it does not purport to alter in any particular the meaning or language of the note. The indorsement on the instrument in this case was only a *memorandum* of the agreement between the plaintiff and the bank, and comes within the rule that if the new writing is a mere *memorandum* outside of the note, it is not an alteration, and the indorsement here is not alteration of the instrument.

2. —— Extension of Time—Consideration for Such Agreement—Case Adjudged.—In this state, an instrument drawing a specified rate of interest before maturity, draws the same rate after maturity. The agreement for extension of time, in this case, was made after the maturity of the instrument, and the promise to pay the same rate of interest as that drawn by the instrument was not sufficient, without more, to support the agreement for an extension of time, since it was merely a promise to do what the principal was already bound to do. Nor was the allowance of compound interest on the instrument, every six months, in this case, a sufficient con-

sideration to support the agreement; the undertaking to allow compound interest every six months was prohibited by statute, and was *invalid*. The agreement for extension was, therefore, invalid, and the surety was not released thereby.

3. PRACTICE—PLEADING—INCONSISTENCY.—A plea of general denial and a plea of ratification are not inconsistent under our system of pleading, if both may be true. The plaintiff, in this case, could deny that the act done was an alteration or extension, and then plead that the othe party acquiesced in and affirmed the act, whatever its effect or purport was.

APPEAL from Adair Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was begun in March, 1882, in the Macon circuit court, and, on change of venue, was taken to the Adair circuit court.

This suit was brought upon the following written instrument:

"[No. 4285.]         MACON, Mo., October 14, 1873.
"The National Savings Bank of Macon, Mo.

"Mr. H. M. Moore has deposited in this bank one thousand dollars, payable to himself, on the return of this certificate, sixty days after date, with interest at the rate of ten per cent. per annum for the time specified.

                        "J. B. MELONE, Cashier.
"$1,000.00.            A. L. SHORTRIDGE."

The whole evidence showed that Melone, for the Macon Savings Bank, borrowed the money for sixty days, and that Shortridge signed the instrument as surety.

As shown by the evidence, the following may be stated as facts: When the note became due, or shortly thereafter, Moore called at the bank for his money. The bank wished to hold the money for a longer time, and Melone and Moore then made a new contract and agree-

ment, by which the bank was to keep the money for a longer time upon the payment, semi-annually, of ten per cent. interest per annum. The plaintiff Moore testified that he made the new agreement and contract upon the express understanding and condition, agreed to by Melone, that Shortridge should not thereby be released as surety. The new arrangement was then indorsed by Melone, in plaintiff's presence, upon the back of the note in this manner:

"Compound interest to be allowed on the within every six months.

"J. B. MELONE, Cashier."

There was evidence tending to show that Shortridge knew nothing of the new arrangement, or of its indorsement upon the note, until after the failure of the bank in 1882.

The court, of its own motion, instructed the jury as follows:

"It is admitted by plaintiff that Shortridge signed the instrument sued on as security.

"If, therefore, the jury believe, from the evidence, that some months after the instrument became due, to-wit: In September, 1874, following, the plaintiff Moore took this instrument to the bank for payment, and that then and there it was agreed by and between plaintiff Moore and Jas. B. Melone, cashier of the bank; that the plaintiff Moore would permit the bank to keep the money for a longer or indefinite time, by the payment of ten per cent. interest thereon, to be compounded every six months, and thereupon the cashier of said bank indorsed upon said note the following language, or agreement, to-wit: "Compound interest to be allowed on the within every six months.

"(Signed)        J. B. MELONE, Cashier.

"And that plaintiff Moore then and there put the instrument in his pocket, and kept it, never presenting it

for near seven years thereafter, and that the said Short-ridge, the security, did not know of said extension of time and change in the instrument, as indorsed thereon and consent thereto, then the jury will find a verdict for the defendant Shortridge.''

The jury found for defendant Shortridge. The bank defendant made no defence.

BERRY & THOMPSON and F. M. HARRINGTON, for the appellant.

I. The indorsement on the back of the note was a void collateral contract, forbidden by law; it did not bind the bank; the cashier had no authority to make it, and was an unauthorized, executory contract to pay *usury*. It did not bind the bank, nor bind it to any extension of time of payment, and was no alteration of the original instrument. Rev. Stat., sect. 2728; Morse on Banks (2 Ed.) 11, 151; *Stilwell v. Aaron*, 69 Mo. 539; *Henry v. Marksberry*, 57 Mo. 399; Daniel on Neg. Inst. (2 Ed.) sect. 1312; *Hunt v. Postlewaite*, 28 Ia. 427; *Lawrence v. Johnson*, 64 Ill. 351; Field on Corp. 266; Angell & Ames on Corp. (9 Ed.) sect. 297.

II. The contract to pay interest compounded twice a year was invalid. This cannot be done. If the time of payment was extended, there was no consideration for it. 2 Daniel on Neg. Inst., sects. 1318, 1322.

III. The time of extension must be definite and fixed. 2 Daniel on Neg. Inst., sect. 1319; *Stilwell v. Aaron*, 69 Mo. *supra;* *Bucklen v. Huff*, 53 Ind. 474; *Hays v. Wells*, 34 Md. 512.

IV. The court improperly submitted to the jury an issue on the plea of *non est factum*. The answer is not verified by *affidavit*.

JOHN F. WILLIAMS, with SEARS & GUTHRIE, for the respondent.

I. Any alteration of a written instrument, *after delivery*, however *immaterial* in its nature, and however

innocently made, without the consent of all the parties, vitiates the instrument in this state. *Bank v. Fricke*, 75 Mo. 178; *Morrison v. Garth*, 78 Mo. 434; *Hord v. Taubman*, 79 Mo. 101; *Moore v. Hutchinson*, 69 Mo. 429; *German Bank v. Dunn*, 69 Mo. 429; *Capital Bank v. Armstrong*, 62 Mo. 59; *Evans v. Foreman*, 60 Mo. 449; *Haskell v. Champion*, 30 Mo. 136.

II.   The surety is only bound by the terms of his contract, and if these are varied without his consent, it is no longer his contract, and he is not bound by it. *Bank v. Leavitt*, 65 Mo. 562; *Stilwell v. Aaron*, 69 Mo. 539; *Wild v. Howe*, 74 Mo. 551; *Newcomb v. Blakely*, 1 Mo. App. 289.

III.   The indorsement on the certificate was not usurious nor *void*, and was a good and valuable consideration. Compare sects. 2727 and 2728, Rev. Stat.; *Montang v. Rock*, 10 Mo. 506; *Farmers', etc., Bank v. Harrison*, 57 Mo. 503.

IV.   But if the agreement were usurious, appellant cannot avail himself of it. The statute gives that right solely to a defendant. Rev. Stat., sect. 2727; *Billington v. Wagoner*, 33 N. Y. 31; *Lemmon v. Whitman*, 75 Ind. 318; *Hamilton v. Prouty*, 50 Wis. 592; *Scott v. Harris*, 76 N. C. 205. Even on a plea of usury by defendant (and there is no such plea in this case), the agreement, under the statute, is binding, for legal interest. But the promise to pay a *legal* rate, for an extension of time, without any payment of interest in advance, constitutes a good consideration, and will discharge the surety. Brandt on Suretyship, etc., sect. 307; *Wood v. Newkirk*, 15 Ohio St. 295; *Berry v. Pullen*, 69 Me. 107; 31 Ohio St. 637.

BERRY & THOMPSON and HARRINGTON, on motion for re-hearing.

I.   The *memorandum* here is no part of the note, and is not to be construed in connection with the note, but independent of it.

II. The *memorandum* imports no change or alteration of the instrument. It was a new contract. But that sort of agreement was no agreement at all, whether written on the note or elsewhere. It was nothing, and effected nothing.

I.

HALL, J.—If the indorsement of the memorandum of the agreement between the plaintiff and the bank upon the back of the instrument in suit was an alteration of the instrument, then thereby was Shortridge, the surety, released, under the facts hypothetically stated to the jury in the instruction given by the court. Because "the rule is now firmly established in this state that any alteration of a written instrument, after delivery, however immaterial in its nature, or however innocently made, without the consent of all the parties, vitiates the instrument." *Morrison v. Garth*, 78 Mo. 437; *Bank v. Fricke*, 75 Mo. 178; *Moore v. Hutchinson*, 69 Mo. 429; *Bank v. Armstrong*, 62 Mo. 59; *Bank v. Dunn*, 62 Mo. 79; *Evans v. Foreman*, 60 Mo. 449; *Haskell v. Champion*, 30 Mo. 136.

The first question for our determination, therefore, is, was such indorsement an alteration of the instrument?

This identical question was passed upon in *Bucklen v. Hubb* (53 Ind. 474). That was an action upon a promissory note. The defendant in his answer, as a defence, pleaded that he was a surety only; that between the principal in the note and the plaintiff, an agreement had been made for the extension of the time of the payment of the note for an indefinite period of time, without the defendant's knowledge or consent, and that in pursuance of such agreement the note was, without defendant's knowledge or consent, "altered and changed in a material part thereof, by writing on the back thereof the following agreement:

"I hereby agree to pay ten per cent. interest on this note hereafter.

"July 29, 1868. M. E. Cole."

A demurrer was sustained by the trial court to so much of the answer as set up said defence, and the supreme court held, properly sustained. The court said: "We do not regard the contract by the principal in the note, shown by the indorsement, as of itself sufficient to change, alter, or supersede the contract evidenced by the face of the note. It was the agreement of the principal to pay a higher rate of interest than that mentioned on the face of the note. It does not purport to be an alteration of the contract evidenced by the face of the note, but only an additional stipulation to which the principal and creditor only are parties. Had it been on a separate paper, it would hardly have been supposed to be an alteration of the note." See, also, *Huff v. Cole*, 45 Ind. 300.

The agreement for the extension of time was held to constitute no defence for the surety, because it was for an indefinite time.

"An alteration of an instrument is something by which its meaning or language is changed, either in a material or immaterial particular. If what is written upon, or erased from the paper containing the instrument, have no tendency to produce this result, or to mislead any person, it cannot be said to be an alteration." *Morrill v. Otis*, 12 N. H. 472.

The question we are now considering is different, and must be distinguished from a change of the contract, such, for instance, as a valid agreement for the extension of the time of the payment of the note without the surety's consent. We are now considering the question of the alteration of the instrument, and not the change of the contract. A valid parol agreement between the holder of a note and the principal in the note, without the surety's consent, for the extension of the time of the

payment of the note, will release the surety, because thereby the surety's contract is changed. The question now is, would the indorsement of such an agreement upon the back of the note be an alteration of the note itself, the written evidence of the contract? We think not. Such indorsement would not purport to alter in any particular the meaning or language of the note. By the agreement indorsed upon the note the contract evidenced by the note would be changed, but the meaning and language of the note would remain the same, unaltered.

The indorsement upon the note of a new and distinct agreement between the payee and the principal in the note is only evidence of the new agreement; it cannot be said to alter the note, which is the evidence of the prior agreement. By such indorsement, the meaning and language of the note are left unaltered, and the new agreement is simply evidenced. A change in the original contract cannot be said to have been attempted by an alteration of the written evidence of it, when a new and distinct agreement is made and indorsed upon the note in such a manner as to show that the indorsement is of a new agreement, and that in no manner can it alter or affect the language of the note.

The indorsement on the instrument in this case was only a memorandum of the agreement between the plaintiff and the bank; it did not set out the agreement in full. The indorsement was, however, signed for the bank by J. B. Melone, cashier, and by him alone, and it can have no other effect as to this point than it would have had had it set out the agreement in full. The indorsement purported to bind only the bank; it purported to be a new and distinct agreement by the bank; it in no way purported to alter the meaning or language of the note, or to be a part thereof. The indorsement showed for itself what it was, so far as it concerned the note; it was separate and apart from the note, in the sense we are now considering it, not as the contract, but as the evidence of the contract. The indorsement comes within

the rule that, "if the new writing is a mere memorandum
outside of the note, it is not an alteration." 2 Parsons
on Bills and Notes (2 Ed.) 546.

In our opinion the indorsement upon the instrument
was not an alteration of it. And in this opinion we are
supported by an intimation in *Stilwell v. Aaron* (69 Mo.
543), and by the logic of *Williams v. Jensen* (75 Mo. 684).

## II.

Was the agreement for the extension of the time of
the payment of the instrument a valid agreement?

The consideration of the agreement was the promise
by the bank to pay ten per cent. interest, to be com-
pounded every six months.

It is contended by counsel for the defendant, that
the instrument in suit drew ten per cent. interest only
until maturity. In this state an instrument drawing a
specified rate of interest before maturity draws the same
rate of interest after maturity. *Borders v. Barber*, 81
Mo. 644; *Bank v. Forbes*, 9 Mo. App. 575; s. c., 79 Mo.
226; *Briscoe v. Kenealy*, 8 Mo. App. 77.

Had the instrument in suit, by so many words, called
for ten per cent. interest "from date," or "until due,"
it would, under the above decisions, have drawn the
same rate of interest after maturity. The words used by
the instrument are, "with interest at the rate of ten per
cent. per annum for the time specified." By the terms
of the instrument the amount of the deposit was payable
in sixty days after date, and "the time specified" meant
from date until maturity, and nothing more; the instru-
ment drew the specified rate of interest after maturity
just as it would have done had it in express words called
for such interest "from date," or "until due."

The agreement for the extension of time was made
after the maturity of the instrument. Still, inasmuch
as the instrument drew the same rate of interest after
maturity as it did before, the consideration of the agree-
ment was the promise by the bank to pay the rate of

interest drawn by the instrument, to be compounded every six months.

Was the promise by the bank to pay the same rate of interest as that drawn by the instrument sufficient, without more, to support the agreement for an extension of time? Upon this question there is a conflict of authorities. We think the better opinion is that it was not, for the reason that it was merely a promise to do what the bank was already bound to do. 2 Daniel on Neg. Ins., sect. 1317a, and authorities cited.

But even if the note bore only six per cent. interest after maturity, the result in this case would be the same. If the instrument, as contended for by the counsel for the defendant, bore, after maturity, six per cent. interest, the bank could not make a valid agreement to pay a greater rate than such rate, except in writing. Rev. Stat., sect. 2724; *Dinsmore v. Livingston Co.*, 60 Mo. 241.

Besides, the compound interest, a different rate not being expressed in the indorsement upon the back of the note, could only be at the same rate as the interest on the principal debt. Rev. Stat., sect. 2728. If the interest on the principal debt was at the rate of six per cent., at the time of the making of the agreement for an extension of time, then the agreement, "compound interest to be allowed on the within every six months," indorsed upon the note, called for such rate of interest. The whole of the agreement not having been reduced to writing parol evidence was admissible to add to the written memorandum of the agreement, but parol evidence was not admissible to contradict the terms of the written memorandum. Therefore, the interest called for by the agreement for an extension of time, was at the same rate as the interest then borne by the principal debt.

The only consideration for the agreement for an extension of time was the allowance of compound interest on the instrument every six months. Was that a sufficient consideration to support the agreement? We think not. By section 2728, Revised Statutes, it is provided

that "parties may contract, in writing, for the payment of interest, but the interest shall not be compounded oftener than once in a year. Where a different rate is not expressed, interest upon interest shall be the same rate as interest on the principal debt." The undertaking to allow compound interest every six months was prohibited by statute, and was invalid. The bank did not, in consideration of the agreement to extend the time, pay the illegal and prohibited interest; it only undertook to do so. The undertaking by the bank to pay such interest was not a sufficient consideration to support the agreement for an extension of time. *Stillwell v. Aaron, supra.*

The agreement was, therefore, invalid, and the defendant was not released thereby.

### III.

The reply to the answer contained a general denial of the new matter of the answer, and also a plea of ratification of the agreement for an extension of time, and of the alteration set up in the answer. It is contended by defendant that the general denial and the plea of ratification were inconsistent; that they both could not stand; that the effect of the plea of ratification was to withdraw the general denial, and that, therefore, the making of the agreement, and of the alteration, as set up in the answer, were admitted by the plaintiff by the reply. Conceding this to be true, it does not follow that the plaintiff admitted the legal effect of such agreement and alteration to be such as contended for by the defendant. The act of making the agreement was admitted, but not its validity. The act constituting what was called an alteration was admitted, but not that the act did constitute an alteration. *Lee v. Dodd*, 20 Mo. App. 275.

The two statements, under our system of pleading, are not inconsistent, if both may be true, in fact. *Nelson v. Brodhak*, 44 Mo. 598-9. The plaintiff could deny that the act done was an alteration or extension, and then

plead that the other party acquiesced in and affirmed the act, whatever its effect or purport was.    Cases *supra.*

We have considered all the questions presented in this case by counsel in their briefs.    One other question was presented by counsel for defendant in the oral argument, but in addition to its not being presented in their brief, we desire to say that we consider it of no material consequence.

Judge Ellison does not sit in this case, having been of counsel.    With the concurrence of Philips, P. J., and the Hon. Geo. W. McCreary, who sits as special judge herein, the judgment of the circuit court is reversed, and the cause remanded.