THE KINGSTON SAVINGS BANK, Appellant, v. JOHN E. BOSSERMAN, Respondent.

Kansas City Court of Appeals, January 2, 1893.

1. **Alteration of Instrument**: MATERIAL OR IMMATERIAL; VITIATES. Any alteration by the holder of a promissory note after delivery and without the consent of the maker, however immaterial in its nature, will vitiate the instrument and render the same void.

2. ——: ——: INNOCENT HOLDER: BLANKS. It is immaterial whether the payee or his assignee may have been guilty of making the alteration, the instrument became void when the alteration was made; and there can be no innocent third party in this case since it was not a carelessly drawn instrument with blanks left unfilled.

*Appeal from the Caldwell Circuit Court.*—HON. WM. HENRY, Special Judge.

AFFIRMED.

*Crosby Johnson* with *C. S. McLaughlin* and *S. C. Rogers*, for appellant.

(1) A change in an instrument, that does not vary its meaning or affect its operation, does not amount to an alteration nor make the instrument void. *B. & L. Ass'n v. Fitzmaurice*, 7 Mo. App. 283; 2 Parsons on Contracts [7 Ed.] 856, side p. 718; Daniel on Negotiable Instruments, secs. 1373, 1398. (2) Nothing less than a material alteration of an instrument will render it void in the hands of an innocent holder. *State to use v. Dean*, 40 Mo. 464; Daniel on Negotiable Instruments, sec. 1405; *Bank v. Murdock*, 62 Mo. 70; *Pub. Co. v. Aldine Press*, 126 Pa. St. 347.

*William McAfee, James M. Davis* and *William A. Wood*, for respondent.

(1) The evidence is silent as to whether the alteration in the note, proved by defendant, was made before it came into the hands of the plaintiff bank or was made by plaintiff's cashier or other agent after the purchase. (2) "The rule is now firmly established in this state that any alteration of a written instrument after delivery, however immaterial in its nature or however innocently made, without the consent of all the parties vitiates the instrument." *Moore v. Bank*, 22 Mo. App. 684; *Morrison v. Garth*, 78 Mo. 437; *Bank v. Fricke*, 75 Mo. 178; *Moore v. Hutchinson*, 69 Mo. 429; *Bank v. Armstrong*, 62 Mo. 59; *Bank v. Dunn*, 62 Mo. 79; *Evans v. Foreman*, 60 Mo. 449; *Haskell v. Champion*, 30 Mo. 136; *Miller v. Gilliland*, 19 Pa. St.

119; *Hord v. Taubman*, 79 Mo. 101. (3) The alteration is a material one. 5 Lawson's Rights, Remedies & Practice, sec. 2476, p. 4105; *Holland v. Hatch*, 11 Ind. 497; 71 Am. Dec. 363; *Reeves v. Pierson*, 23 Hun, 185.

GILL, J.—This is an action on the following promissory note:

"$120.00.                    POLO, Mo., July 30, 1890.

"Six months after date I, or we, or either of us, promise to pay to the order of Wm. Downing $127, for value received, with interest at the rate of ten per cent. per annum, *hereby intending to charge my separate estate and property*.

        "(Signed)                J. E. BOSSERMAN."

Plaintiff sues as an indorsee before maturity and for value. The defense relied upon is that when the note was executed and delivered to Downing the words, *"hereby intending to charge my separate estate and property,"* did not appear, but that the instrument was subsequently altered by inserting said words without the knowledge or consent of the defendant. This question of fact was put in issue and tried by the court, sitting as a jury, who found thereon in favor of defendant, and from a judgment entered for him the plaintiff appealed.

The theory for the prosecution of this appeal is manifested in plaintiff's second instruction offered, but refused by the trial court. It reads as follows: "2. The court declares the law to be that the alleged alteration of the note in question was an *immaterial* alteration when said note was given by defendant, and could only become a material alteration, if given by a married woman, and did not affect the liability of the parties to the note, even though the court may find

that the alleged alteration was made by the payee therein before the same was transferred to the bank.''

The court at the instance of the defendant gave the following instruction: "The court declares the law to be that, taking the pleadings in connection with the evidence, the plaintiff is entitled to recover, unless the court sitting as a jury finds from the evidence that there was some unauthorized alteration made in the note sued on, as alleged in the answer, after the note was signed and delivered; but if, without the consent or authority of the defendant, before the commencement of the suit, and after the signing and delivery of the note, it was altered by inserting therein the words, 'hereby intending to charge my separate estate and property,' then the finding and judgment must be for the defendant.''

In other words, the plaintiff contends that, even if said words were, without authority, inserted in the face of the note after the making and delivery thereof by defendant, yet that the words effected no material modification in the contract, and would not invalidate the note in the hands of the plaintiff, while the defendant claimed, and the lower court so held, that the altering of the terms of the note by adding the words rendered the instrument void, and that, too, regardless of the fact whether the changes thus wrought were material or immaterial. Now whilst we can but admit much force in the able argument of plaintiff's counsel, the point here involved is decided in this state repeatedly against his contention. It has been uniformly held in this state by a long line of cases that any alteration by the holder of a promissory note after delivery and without the consent of the maker, and however immaterial in its nature, will vitiate the instrument and render the same void. *Haskell v. Champion*, 30 Mo. 136; *Capital Bank v. Armstrong*, 62 Mo. 60;

*First Nat. Bank v. Fricke,* 75 Mo. 178; *Morrison v. Garth,* 78 Mo. 434; *Moore v. Bank,* 22 Mo. App. 684. In the *Fricke case, supra,* the authorities are fully reviewed, and the doctrine settled as was held by the circuit court in the case at bar.

Nor is it material in this case whether the payee named in the note or his assignee may have been guilty of the alteration. *Capital Bank v. Armstrong, supra.* If Downing thus, without the consent of the defendant, added the words here complained of, then the obligation became void, and when the plaintiff acquired the same it got no better title than he, Downing, had. This is not a case where the defendant loosely or carelessly drew an instrument with blanks left for the payee to fill, so that he, the maker, should be compelled to suffer rather than an innocent third party. For here no blank space was left unfilled, but the change in the instrument was effected, apparently, by impressing the added words with a rubber stamp in different colored ink, and in type entirely unlike the body of the note. Judgment affirmed. All concur.