FRED HEIM BREWING COMPANY, Appellant, v. JOHN A. HAZEN *et al.*, Respondents.

55  277
57  291

55  277
68  626

Kansas City Court of Appeals, November 6 and December 4, 1893.

**Principal and Surety:** ALTERATION OF INSTRUMENT: SEAL: DISCHARGE. Changing a simple contract to a specialty by adding the word "seal" in a scrawl after the names of the obligors is such alteration of the instrument as to discharge the surety. The authorities are discussed and distinguished and the holding reaffirmed on motion for a rehearing.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

(1) The principal question in this case is, whether or not the adding of the word seal to the sureties' signatures is such an alteration of the bond as to avoid it and release the sureties. The evidence in this case is uncontradicted, that the bond was received at Kansas City by the plaintiff and obligee in the identical form in which it was sued upon, and, if the seal was added after the sureties signed, such additions were made by some party other than the obligee. *State to use v. Potter*, 63 Mo. 212; *Brown v. Baker*, 64 Mo. 167; *State v. Wright*, 69 Mo. 152; *State v. Hewett*, 72 Mo. 603; *Wolfe v. Schaeffer*, 74 Mo. 154; *State v. McGonigle*, 101 Mo. 353; *Stillwell v. Potter*, 108 Mo. 352; *Bagott v. State*, 33 Ind. 262; *Martin v. Thomas*, 24 How. 315; *Smith v. United States*, 2 Wall. 219; *Bracken Co. Com. v. Dunn*, 80 Ky. 388; *Medlin v. Platte Co.*, 8 Mo. 235; *Bank v. Frecke*, 75 Mo. 178; *Morrison v. Garth*, 78 Mo. 434; *Lubbering v. Kohlbrecher et al.*, 22 Mo. 596; *Andrews v. Calloway*, 7 S. W. Rep. 449; 1 Greenleaf on Evidence, sec. 566, and cases cited in *Andrews v. Calloway, supra;* 1 Greenleaf on Evidence, secs. 567, 568; Brentz on Suretyship and Guaranty, sec. 356, p. 479; 2 Parsons on Notes and Bills, p. 582; *Truett v. Wainswright*, 4 Gillman (Ill.); *Fullerton v. Sturges*, 4 Ohio St. 529.

*McCullough & Peery* and *W. F. Dalbey* for respondent.

(1) The instrument sued upon in this case is declared in the petition to be a bond, or writing obligatory, executed under the hands and seals of the defendants. In this state no instrument is a bond, nor can it be sued upon as a bond, unless it has

attached to it a seal, or what is the same thing, the word "seal" with a scrawl around it. *State ex rel. v. Thompson*, 49 Mo. 189; *Dairy Co. v. Lauer*, 16 Mo. App. 4; *Corbin v. Cassell*, 48 Mo. App. 626. The evidence is overwhelming and uncontradicted, that when these defendants executed said instrument and delivered it to Nauruth, it had no seal attached to any signature upon it. Therefore, when they parted with the possession of it, it was not a bond or writing under seal; whereas, now it is a bond in due form, importing upon its face a consideration; and it is sued upon as such, and, if it were not in its present form, it could not be offered in evidence under the petition in this cause. (See cases above cited.) Therefore, the alteration of said instrument by the addition of seals to the signatures of the obligors, was a material alteration, and is made material by the form of action brought upon it. When these defendants, who were sureties on said instrument, signed it and delivered it to Nauruth to be sent by mail to the plaintiff, it was as to them a delivery of the instrument. Nauruth, under the evidence, may well be considered the agent of plaintiff to receive said bond. 2 Greenleaf on Evidence, sec. 297; *Ellis v. Railroad*, 40 Mo. App. 170; *Huey v. Huey*, 65 Mo. 689; *Hammerslaugh v. Chattham*, 84 Mo. 13; *Lunt v. Silver*, 5 Mo. App. 186. But the plaintiff, by bringing this suit and declaring on this instrument as a bond executed under seal, has ratified the act of the person, whoever he was, who attached the seals to this instrument. The case is, in all respects, like *Bank v. Umrath*, 42 Mo. App. 525. By suing on the instrument in its altered form, and asserting a right by reason of the alteration, the plaintiff has adopted and ratified the act of the person who altered it. (2) Appellant's counsel, in his brief, assumes that, if the alteration was made without the knowledge or

consent of the plaintiff, it is no defense. Such is not, and never has been, the law of Missouri. If Gustave Nauruth, while in possession of this instrument, and before delivery to the plaintiff, altered it by attaching a seal to each of the signatures to it without the knowledge or consent of the sureties to the instrument, then it is void as to them, although the plaintiff had no knowledge of the alteration. *Haskell v. Champion*, 30 Mo. 136; *Ivory v. Michael*, 33 Mo. 398; *Trigg v. Taylor*, 27 Mo. 245; *Britton v. Dierker*, 46 Mo. 591; *Evans v. Foreman*, 60 Mo. 450; *Bank v. Dunn*, 62 Mo. 79; *Bank v. Armstrong*, 62 Mo. 59; *Moore v. Hutchinson*, 69 Mo. 430; *Bank v. Fricke*, 75 Mo. 180; *Morrison v. Garth*, 78 Mo. 438; *Presbury v. Campbell*, 33 Mo. 542; *Hord v. Traubman*, 79 Mo. 101; *Bank v. Packing Co.*, 4 Mo. App. 200; *Lunt v. Silver*, 5 Mo. App. 186; *Robinson v. Berryman*, 22 Mo. App. 509; *Moore v. Bank*, 22 Mo. App. 684; *Lammers v. Machine Co.*, 23 Mo. App. 471; *Burnham v. Gasnell*, 47 Mo. App. 639; *Bank v. Myers*, 50 Mo. App. 157; *Bank v. Bosserman*, 52 Mo. App. 269.

GILL, J.—One, Gustave Naurath, was engaged in selling beer at Stanberry, Missouri, and he bought his supplies from the plaintiff brewing company. To secure payment of the bills for beer the brewing company required Naurath to furnish it a bond with satisfactory security, and this he did and delivered it the instrument here sued on, purporting to be a bond in the penal sum of $500, under the hand and seals of said Naurath as principal, and defendants Hazen, Bisson, Connly, Stevens, Burnley and Gennug as sureties. Naurath subsequently defaulted in the matter of the purchases of beer, left the country, and plaintiff thereupon brought this action on the alleged bond to recover the amount of such deficiency. The sureties defend on

the ground that after they and said Naurath had signed the writing, it was materially altered without their knowledge or consent, by attaching to the names of each and all of the obligors the word "seal," with a scroll around the same. The issue thus made was tried before the court without a jury, and from a judgment in defendant's favor plaintiff appealed.

Disregarding points made by the appellant's counsel as to the court's declaration of law, and admitting some errors and inconsistencies therein, yet, under the undisputed facts of this case, we must hold the judgment to be clearly for the right party, and, therefore, affirm the same. That this instrument, when signed by the principal and his sureties, was not under seal, but was in form only a simple contract, cannot be questioned—the evidence in that regard is all one way. And that the seals were added to each name, and the character of the instrument thereby changed, all without any knowledge or consent of these defending sureties, is also uncontrovertably shown by the evidence. Whether such alteration in the nature of the instrument was made by Naurath, while the same was in his possession, or was made by the plaintiff after delivery to it, can make no difference. In either event such alteration was unauthorized and such as to discharge the sureties. This is the law of this state, as shown by the numerous cases cited in brief of defendants' counsel.

The courts will not tolerate any unauthorized change in the surety's undertaking. As well said by Justice Story: "To the extent, *and in the manner*, and under the circumstances pointed out in the obligation he is bound, and no further. It is not sufficient that he may sustain no injury by a change in the contract, or that it may be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and an alteration

of it is made, it is fatal." *Miller v. Stuart*, 9 Wheat. 702; 24 How. (U. S.) 317.

We have here a case where the sureties signed, not a bond but a simple contract in writing as distinguished from a specialty, and this was subsequently, without their assent, express or implied, changed to a bond by adding seals to their respective signatures. This, too, was a *material* alteration. The instrument they signed was not of that dignity as the one sued on; the bond, being under seal, imparted a consideration, while the instrument to which they affixed their signatures did not. As said by Story, the sureties can only be held *"in the manner and by the very terms* pointed out in the obligation." See following decisions in point: *Trigg v. Taylor*, 27 Mo. 245; *Haskell v. Champion*, 30 Mo. 136; *Ivory v. Micheal*, 33 Mo. 398; *Capital Bank v. Armstrong*, 62 Mo. 59; *State v. McGonigal*, 101 Mo. 353, 363.

The case in hand does not belong to the class of which *State to use, etc. v. Potter*, 63 Mo. 212, is a sample, and on which plaintiff's counsel seems to rely. In that case Potter, the surety, was not allowed to defeat the action on the alleged ground that the principal had agreed when he, Potter, signed, to get one Bothrick, also as cosurety, unless it was also shown that the obligee had notice of such an agreement. It was there held that Potter was estopped from making such a defense. Judge SHERWOOD, delivering the opinion of the court, says: "Here the surety * * * had invested the principal with an apparent authority to deliver the bond; and there was nothing on the face of the bond, or in any of the attending circumstances, to apprise the official who accepted it that there was any secret agreement which should preclude the acceptance of the bond; and the surety is alone in fault in the matter" for his unwarranted trust in Turley, the principal, etc.

Heim Brewing Company v. Hazen.

Neither is this one of those cases where the sureties signed and delivered to the principal an instrument with blanks to be filled, and where it has been held that the parties thus executing the paper thereby authorized the party in whose hands they placed it to fill in such blanks. The instrument which these defendants gave into the hands of Naurath was complete on its face, and there were no spaces left to be filled. They saw proper not to affix their respective seals, but to execute only a simple contract; and there was no authority, expressed or implied, in Naurath to make it a different contract. *Capital Bank v. Armstrong, supra,* p. 67; *Ivory v. Micheal, supra,* p. 400; *Agawan Bank v. Sears,* 4 Gray, 95.

Holding these views on the main questions raised in the record, it becomes unnecessary to discuss others now unimportant.

Judgment affirmed.   All concur.

### ON MOTION FOR REHEARING.

Since announcing the foregoing opinion, we have been induced—because of a motion for rehearing filed by plaintiff's learned counsel—to give the case a more extended investigation, and after a careful review of numerous authorities, some of which are cited by counsel and many others disclosed by our own research, we yet feel constrained to adhere to the position we have already taken. The defense here, it must be admitted, is rather technical than meritorious. But sureties are entitled to technical defenses; they are favorites of the law. As often declared they will not be held to answer for anything, *or in any manner*, except as they specifically agreed. If sureties enter into an agreement in the nature of a promissory note or mere simple contract in writing, they cannot be

held on a deed or specialty created through an unauthorized alteration of the instrument they signed.

Plaintiff's counsel again insists that the alteration of a written instrument will not discharge the non-consenting surety unless such change was made after delivery to the obligee or by his knowledge or privity. As applied to this case, it seems to be contended, that if Naurath, the principal, changed the nature of the writing after it had been signed by the sureties, and without their knowledge or consent, then such altera-tion was no defense unless such change was made after delivery to the brewing company, or was made with its knowledge or consent.

Such is not the law of this state. We find some decisions in other jurisdictions that so hold. These cases so declare on the ground that it is a mere spoliation by a stranger; that, as between the surety obligor and the party to whom the promise is made, the principal is a mere stranger to the contract and for whose alteration or mutilation of the instrument the obligee is not responsible, and that he may recover on the instrument as it stood without change. The strongest case of this character, which we have been able to find, is that of *Fullerton v. Sturgis*, 4 Ohio St. (N. S.) 529. But, as already said, the courts in this state make no such distinction and hold the surety discharged whether the alteration be made by the principal while the paper remains in his hands or by the obligee or payee after delivery. *Britton v. Dierker*, 46 Mo. 591; *Trigg v. Taylor*, 27 Mo. 245; *Ivory v. Micheal*, 33 Mo. 398; *Capital Bank v. Armstrong*, 62 Mo. 59; *Robinson v. Berryman*, 22 Mo. App. 510; 2 Brandt on Suretyship and Guaranty [2 Ed.], sec. 388; Baylies on Sureties and Guarantors, sec. 17, ch. 12; *Morrison v. Garth*, 78 Mo. 434; *State v. McGonigle*, 101 Mo. 353, and *Kingston Bank v. Bosserman*, 52 Mo. App. 269, in no

way disturb the ruling in the foregoing cases. The exact point we have here was not then before the court. The cases, in so far as the facts agree, are in entire harmony. The most that can be said of the *McGonigle case* is that the court intimated that if the principal in the bond had himself erased the name of one of the sureties and substituted that of another without the knowledge of the obligee (and also without the knowledge or consent of the other sureties), then the sureties should not be discharged. This was not the case in hand, and the remark so made by the learned judge who wrote the opinion may be regarded as mere *dictum*. But, admitting it to be the law (and we have no disposition to question it) and yet we are not shaken in our opinion of the law of this case. When a party signs a writing obligatory as one of a number of sureties for another and gives it into the hands of the principal, such principal, with the paper in charge, is clothed with apparent authority to do all things necessary to complete the instrument and get thereon the necessary sureties; and hence anything that he may do within the apparent limits of his agency may, as between parties equally innocent, be held as binding.

But this does not cover the case at bar. These defendants signed a perfect and completed instrument and gave it into the hands of Naurath the principal. It was not a writing under seal, but the principal or this plaintiff altered the paper so as to make it a sealed instrument. He had authority to present this instrument to the brewing company, and none other. He was not authorized to commit forgery by changing it in form and substance.

What was said in *Bank v. Sears*, 4 Gray, 95 is pertinent here. That was a suit against a surety on a note altered by raising it in amount, and the court says: "The position assumed by the plaintiffs, that the

sureties, by permitting their principal to take the note to the bank to be discounted, gave confidence to him, and must suffer for his misconduct in altering the note, is untenable. The principle sought to be applied is not applicable to this case. The sureties assume a certain definite obligation, the extent of which is clearly and fully stated in the writing they sign. To that extent they give confidence and credit to the principal, but no further. * * * The party receiving a note gives the confidence and trust to the party from whom he receives it."

"Sureties must be permitted to remain in precisely the situation they have placed themselves." *Smith v. United States*, 2 Wall. 235. See, also, *State v. Craig*, 58 Iowa, 240.

The motion for rehearing is overruled.