Handley v. Barrows.

---

JOSEPH W. HANDLEY, Respondent, v. J. N. BARROWS *et al.*, Appellants.

### Kansas City Court of Appeals, February 1, 1897.

Alteration of Instrument: CONNIVANCE OF PAYEE: INSTRUCTIONS. An instruction, telling the jury that although the note sued upon had been changed from a nine to an eight per cent note without the consent of the sureties of the maker yet the payee would be entitled to recover unless the alteration was accomplished by him or by his consent, is error.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Smith & Thurman* and *S. A. Wight* for appellants.

Any alteration of the note in suit without the appellants' (sureties) knowledge, made either with or without the knowledge of the respondent (the payee in the note), operated to discharge appellants therefrom; and therefore instruction 3 given by the court is erroneous, and should not have been given had there been evidence authorizing it. *Bank v. Armstrong*, 62

Mo. 59; *Bank v. Dunn*, 62 Mo. 79; *Bank v. Fricke*, 75 Mo. 178; *Robinson v. Berryman*, 22 Mo. App. 510; *Bank v. Umrath*, 42 Mo. App. 525; *Bank v. Bosserman*, 52 Mo. App. 269; *Brewing Co. v. Hazen*, 55 Mo. App. 277; *Middaugh v. Elliott*, 61 Mo. App. 601.

*Silas W. Dooley, H. H. Blanton*, and *Hoss & Scott* for respondent.

(1) In appellants' instruction, number 4, they ask the court to instruct the jury that if a change was made after appellants had signed it that they would be released from the payment of the note simply and solely on account of such change regardless of the fact as to whether they authorized the change or consented to it, and regardless of the fact as to whether such change, if any was made, was made by a stranger to the instrument or someone having no interest in, or control over, the note. This is so clearly erroneous that it does not require any serious discussion. (2) When the alteration is made without the consent of the owner, the note is not thereby avoided against the owner. *Lubbering v. Kohlbrecher*, 22 Mo. 596; see, also, Greenleaf on Evidence cited in this case. The question whether there has been any alteration, and if so, when it was made, and by whom, and with what intention, are all questions of fact for the jury. 3 Randolph on Commercial Paper, sec. 1784. If the alteration has a suspicious look, then the burden is on the holder to prove how it was made. If nothing appears to the contrary the alteration will be presumed to be honest and made when the note was executed. If there is anything indicative of alteration the presumption ceases and it devolves on the holder to explain that which is apparently suspicious. *Mathews v. Coulter*, 9 Mo. 705, side p.; *Whitmer v. Frye*, 10 Mo.

348, side p.; *Smith v. Ferry*, 69 Mo. 142; 1 Greenleaf
Ev. [14 Ed.], sec. 564, and note. (3) The necessary
conclusion is that upon an inspection by the court
of the instrument sued upon, if the alteration is sus-
picious looking, the court would throw the burden on
the holder to explain it, as the presumption in its favor
ceases. It is to be presumed that the court in this case
exercised a proper discretion upon an inspection of the
note; there is nothing in the record to show the con-
trary. *Bank v. Armstrong*, 62 Mo. 59.

SMITH, P. J.—This is a suit on a promissory note
for $1,200, dated October 23, 1890, purporting to have
been executed by the above named defend-

STATEMENT.

ants and payable to plaintiff, Handley. It
was given for money borrowed by defendant Barrows
from plaintiff. The other defendants signed as securi-
ties for Barrows. The latter made no defense to the
action; but the sureties defended on the ground that
after they had each signed the note it was, without
their knowledge or consent, altered by erasing the
word *nine*, which was written on the face of the instru-
ment to indicate the rate of interest, and inserting
*eight* instead—thereby changing the note from one
bearing nine per cent to one for eight per cent.

Although the entire evidence is not before us, it
seems undisputed that the note was first prepared with
the word *nine* appearing in the interest clause, and that
it was subsequently changed by drawing a line through
the word so written and inserting in place thereof the
word *eight*. As to when this was done the testimony
is conflicting. All four of the securities, however, tes-
tified that no change had been made when they signed;
that at that time it was a nine per cent note, and that
they never consented to any change. On the other

hand, there was evidence tending to prove that the word *nine* was stricken out and *eight* inserted before the sureties signed the note.

On the issues between the plaintiff and sureties there was a trial by jury, which resulted in a verdict and judgment for plaintiff, and said defendants appealed.

Defendants have good cause to complain, as they do, of the court's instructions. Without quoting these at length, it is sufficient to say that the jury was, in effect, told that although the note may have been altered in the manner charged, after the

ALTERATION of instrument: connivance of payee: instructions.

sureties had signed it and without their consent, yet unless said alteration was accomplished by *Handley himself or by his consent* then it was no defense. In other words, if the sureties signed a nine per cent note and the principal maker, Barrows, then took the same and before turning it over to Handley, the payee, and without the knowledge or consent of the sureties, altered it by erasing *nine* and inserting *eight*, the defendants were still liable on the note, *unless*, indeed, Handley consented to such alteration. This is not the law, as has been frequently decided by this and the supreme court. *Bank v. Bosserman*, 52 Mo. App. 269, and cases cited; *Heim Brewing Co. v. Hazen*, 55 Mo. App. 277; *Middaugh v. Elliott*, 61 Mo. App. 601; *Bank v. Armstrong*, 62 Mo. 59.

In case last cited the supreme court, through Judge SHERWOOD, pithily states the rule: "That the unauthorized alteration of the notes in suit rendered them void, whether such alteration was made with or without the plaintiff's knowledge." Since in the above cited cases we have so lately gone over this question, we deem it unnecessary to further discuss it here.

So, then, if after these sureties executed the note in question the same was without their consent altered by changing the rate of interest, the instrument then became void as to such sureties and was no longer binding on them. Judgment reversed and cause remanded. All concur.