JOHN LEE *versus* ZEPHANIAH STARBIRD *& als.*

If the payee of a note payable "on demand and interest" adds to it the words "at nine per cent.," after its execution and delivery, and without the consent of the maker, it thereby becomes materially altered as an instrument of evidence, and therefore void.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note, brought by the payee against the makers, payable "on demand and interest at nine per cent."

The action was referred to the Court, reserving the right to except.

It was admitted by the plaintiff that the words "at nine per cent." were written by him upon the note after it had been executed and delivered to him by the defendants, and without their consent.

The defendants contended that the altering of the note above stated was material, and that by reason thereof the plaintiff was not entitled to maintain his action; but the Court ruled that the alteration was not material, and that the plaintiff recover the amount of the note by computing the interest at six per cent. To which the defendant alleged exceptions.

*W. W. Virgin,* for the defendants, cited

*Warrington* v. *Early,* 22 Eng. L. & Eq., 208; *Haskell* v. *Champion,* 30 Miss., 136; *Chadwick* v. *Eastman,* 53 Maine, 12.

*C. C. Sanderson & H. M. Bearce*, for the plaintiff, contended that the alteration was not fraudulently made, and that it was not material, because it did not change the legal liability of the defendants; citing *Moye* v. *Herndon*, 30 Miss., 110, 121; *Gardner* v. *Walsh*, 32 Eng. L. & Eq., 162.

APPLETON, C. J.—This is an action on a promissory note, dated Feb. 6, 1861, for one hundred dollars on demand, and interest at nine per cent. It was admitted that the words "at nine per cent." on said note, were written thereon by the plaintiff after the execution of the note by the defendants, and without their consent. The Court ruled that this alteration was not material and did not invalidate the note, because the plaintiff could not maintain an action for the extra interest.

In *Waterman* v. *Vose*, 43 Maine, 504, it was held that the alteration of the note by the payee, by adding "with interest," without the consent of the maker, rendered the note void. Such was held to be the law in *Fay* v. *Smith*, 1 Allen, 477. In *Warrington* v. *Early*, 2 Elles & Blackb., 75, (E. C. L., 764,) a promissory note was made payable six months after date, "with lawful interest." After it had been signed, without the assent of the maker, but with the assent of the holder, there was added in the corner of the note "interest at six per cent. per annum." Held, that this addition materially altered the contract, and the owner could not recover on the note against the maker. The legal rate in that case was five per cent. The rule undoubtedly is that a material alteration of a note discharges the maker. To this rule, "the exception," remarks Lord CAMPBELL, in *Gardner* v. *Walsh*, 32 Eng. Law & Eq., 162, "is *Calton* v. *Simpson*, 8 Ad. & El., 136. In that case, the defendant had, as surety, signed a joint and several promissory note with the principal debtor, having no reason to suppose any one else would sign it. Afterwards the payee, without the knowledge of the defendant, induced another person to sign it, with a view to strengthen the security, and the Court

Lee *v.* Starbird.

held the defendant was still liable upon it. But the decision took place merely on a rule to show cause why there should not be a new trial. It seems to have proceeded on the ground that, as the new surety could not be liable on the note, by reason of the stamp laws, the alteration operated nothing, although the counsel urged that ' a note with an altered date does not bind any one to the new contract, yet the old contract is void.' The judgment of the Court was, without further reasons, in these words :—' In the absence of all authority we shall hold that this was not an alteration of the note, but merely an addition which had no effect.' With sincere respect for the learned Judges who concurred in this decision, we feel bound to say that, in our opinion, it is contrary to the authorities and that it is not law." The Court there held that an addition to a note, affecting its construction, but of no legal effect, avoided it. A bill of exchange was, without the privity of the acceptor, altered by inserting the words "payable at A," and afterwards indorsed to the plaintiff for value, who took it *bona fide* and without knowledge of the alteration ; it was held that this was a material alteration which discharged the acceptor. " The negotiation of bills," remarked Lord CAMPBELL, " is to be favored ; but, with this view, it is material that their purity should be preserved." In *Ivory* v. *Michael*, 33 Missouri, 398, and in *Presbury* v. *Michael, ib.*, 542, the adding at the end of a note, " bearing ten per cent. interest. from maturity," was held a material alteration and to avoid the note.

It is an alteration in a material part of the note,— affecting its meaning and construction. If the interest had been at four per cent., altering it to five per cent. would have been fatal to the action. *Exceptions sustained.*

CUTTING, WALTON, BARROWS and TAPLEY, JJ., concurred.
DICKERSON, J., dissented.