"Wright, J.
This was an action'upon a promissory note, dated April 15, 1865, at one year, which Harsh had signed as surety for the other makers, John H. Tressell and L. R. Tressell.
The defense of Harsh was: First', that after he had signed the note and it had been delivered, it was altered in this, that the rate of interest was, changed from six to seven per cent. It was claimed and the- jury found that the alteration was made by John H. Tressell, one of the principal makers, with the consent or by the direction of plaintiff, without intent to injure or defraud Harsh, but without his knowledge or consent.
It is claimed that this is a material alteration, and such as discharges Harsh, the surety.'
There was a further defense, to the effect that, after the note became due, the' plaintiff agreed with the principals to extend the time of payment for two years, without the knowledge or consent of the surety, and therefore he claims to be discharged.
As the decision does not rest upon this second defense, it is merely mentioned without further discussion.
*202 The issue upon the first defense, of material alteration, having been made, evidence was given tending to show that fact. Whereupon said Philip Harsh asked the court to charge the jury that if they should find that said note had been altered as above stated, by changing the rate percent, from “ six ” to “ seven,” at the request of the said plaintiff, and without the knowledge or consent of said surety, that then said surety was released from his liability on said note.
This instruction the court refused, but the court did charge the jury that “ the alteration of the note sued on, at the time of or soon after its maturity, by and at the original suggestion of John H. Tressell, one of the makers and principals thereof, by erasing the word ‘ six ’ in said note as originally written, and writing in its stead the word ‘ seven,’ so as to make the note read ‘ seven per cent, interest from date,’ instead of‘six per cent, interest from date,’ although such alteration was actually made in the presence of and with the consent and by the direction of the said plaintiff payee and owner of said note, and without the knowledge or cousent of said surety, Harsh, would not prevent the plaintiff from recovery on said note against said surety, Harsh, unless the plaintiff at the time of giving such consent and direction, in fact, designed and intended thereby to injure and defraud the said Harsh. If such consent or direction to make such alteration was given by said plaintiff', and he at the time, in fact, intended thereby to injure and defraud the said Harsh, you should find a verdict for the said Harsh.’ ”
The question then is, is a change in the rate of interest, made by the principals with the consent of the holder and owner, but without the knowledge or consent of the surety, a material alteration and such as will avoid the note, as against the surety, though no fraudulent intent in such alteration appear.
The question appears to be well settled upon authority.
In the case of Wallace & Park v. Jewell, 21 Ohio St. 163, the name of another person as maker was added to the note after its delivery, and this was held to be such material al *203 teration as to vitiate the paper against the other makers. Says White, J. (p. 174), “ Such an addition gives a different legal character to the instrument. The defendants might, •by the altered condition of the note now in question, have been subjected to change of jurisdiction in the event of any litigation arising iu relation to it between the parties.”
In the case of Boalt v. Brown, 13 Ohio St. 364, the note promised to pay $500 “ in ten days’ notice, at ten per cent.; ” the words added were “with interest annually.” It was held that this was a material alteration and discharged a surety. This addition gave, the payee the right to collect interest annually, while without it, interest could only have been collected with the principal, and neither without ten days’ notice.
In this case it is held that the intent with which the alteration is made can not vary the result; the contract is not the contract which the surety signed; the terms of the altered note were never assented to by him, and he is not therefore bound. In Patterson v. McNeely’s Adm’rs, 16 Ohio St. 348, the note had this clause: “ The above to be at ten per cent, interest annually.” The alteration consisted in inserting the word “ paid,” before “ annually,” so tis to make the note read “ ten per cent, paid annually.” This was held to be a material alteration which discharged a surety. The added word required that the interest should be paid at the end of each year, and if not so paid, interest might be computed upon the interest, which could not be done as the note stood originally. The note therefore was not the note the surety had signed.
In the case of Brown v. Jones, 3 Porter (Ala.), 429, the words added were “ with interest from the date.” This was held to be a material alteration. In this case the defendant was the maker of the note, and his plea was held good. In Boalt v. Brown, 13 Ohio St. 364, and Patterson v. McNeely, 16 Ohio St. 348, the defendants were sureties seeking to defend themselves. In Warrington v. Early, 2 El. & Bl. 763, a note was made payable “ with lawful interest;” subsequently, without the assent of the maker, *204 there was added in the corner of the note, “interest at six per cent, per annum.” Held to be a material alteration, and no recovery could be had against the maker.
In Waterman v. Vose, 43 Me. 504, the words “ with inierest” were added. ¡Defendant was an accommodation indorser, and the addition was held to discharge him. The court below had said that if the addition was made without fraud, the defendant would not be discharged. This ruling, however, was reversed by the Supreme Court of Maine stating the grounds of the doctrine to be twofold. The first, that of public policy, to prevent fraud, by not permitting a man to take the chance of committing a fraud without the risk of losing, if detected. The other, to insure the identity of the instrument, and prevent the substitution of another, without consent of the party concerned. This is the ground assumed by Mr. Greenleaf. 1 Greenl. Ev.. sec. 565. The court say: “ In this case the defendant assumed a liability for the sum of $260 at the end of seven months, and no other. The alteration made the note for a larger sum at the same time.”
In McGrath v. Clark, 56 N. Y. 34, defendant indorsed a promissoi’y note with the time and place of payment in blank, and delivered the same to the maker, who filled the blanks and added the words “ with interest.” It was held, that though the maker was authorized to fill the blanks as. to time and place of payment, yet he was not authorized to add the words “ with interest,” and it was such a material alteration as discharged the indorser. The court say that the maker had no more right to add the words “with interest” than to increase the amount of the note. That was already fixed at so many dollars, and adding interest would necessarily increase such amount.
In Dewey v. Reed, 40 Barb. 16, the note was already drawn “with interest,” but afterward this was added, “interest to be paid semi-annually.” This was such a material alteration as invalidated the note against a surety.
In Fay v. Smith, 1 Allen, 477, it is held that the alteraonit of a note by the addition of the words “ with inter *205 est” avoids the note as to such promisors as do not consent thereto, although the alteration is made without fraudulent intent. In its opinion the court say: “ There seems to be no difference in principle between this case and one where a note should be signed by two persons for the sum of three hundred dollars, and one of them, supposing he had authority from the other, but really without his consent, should strike out the words ‘three hundred dollars,’and insert in their place ‘ five hundred dollars,’ and then negotiate the note. The other signer would be wholly discharged, not on the ground of fraud or forgery, but of want of authority to bind him. The note used, he did not execute; the note which he executed was never used, but was destroyed by the alteration and another substituted for it.”
In Lee v. Staboid, 55 Me. 491, the note was “ on demand and interest,” and the words “at nine per cent.” were added, and rendered the note void.
Two cases in 38 Missouri held that the addition of the words “bearing ten per cent, interest,” avoids the note. Ivory v. Campbell, 33 Mo. 398; Presbury v. Michael, 33 Mo. 542.
In Hart v. Clouser, 30 Ind. 210, the addition of a clause fixing the rate of interest was held to avoid the note as to a surety.
These authorities, and others that might be cited, clearly establish the proposition that such an alteration as that alleged in this ease is material, and operates to discharge the surety, entirely independent of any question of intent. But here we are met by this objection. The alteration from six to seven per cent, was an alteration in terms, but did not change the legal effect of the note. Under the interest laws of the state, no more than six per cent, could be recovered. A contract, therefore, for seven per cent, was void, and a specification of that rate in the note was altogether nugatory, and did not vary the import of the paper.
The contract is certainly changed in words, though per *206 haps the law will not enforce it as to the usurious part of the interest. It is rather a case of defective remedy. The interest law says that parties shall be entitled to receive interest at the rate of six per cent, per annum, and no more. 1 S. & C. 742. Of course that means they shall receive no more at the hands of the law. But parties are no' prevented from making contracts for higher rates of interest and keeping them, if they choose so to do, though the law may not compel them. As is said in Rains v. Scott, they are contracts “ which the parties were not forbidden to make.” Under the statute of frauds there are certain parol contracts upon which an action can not be maintained, yet the contracts are not absolutely void. Mims v. Mims, 15 Ohio, 571; Woods v. Dille, 11 Ohio, 455. But if it be that the contract for seven per cent, is illegal, and therefore the import of the paper is not changed, but remains at six per cent, still, then certainly that alteration which changes the note from a legal to an illegal contract, must be a material alteration.
The contract was for six per cent.; it is now seven. It can not be the same thing if one was legal and the other not.
The argument, therefore, which proves the alteration not material, by showing that the legal import of the paper is the same, whether the rate be six or seven, answers itself, when it also shows that the contract at six,is lawful and at seven is not. ■
This illustration may serve to show what is meant by varying the legal import of paper.
A note is given containing the words “ with interest.” Upon examining it subsequently, the recipient, perhaps not being well versed in the laws, says to himself: “I was to have six per cent, interest, and this does not say so. The intention of the parties is not fully expressed.”
He therefore inserts the word “ six.” This could not be claimed to be a material alteration. The note only now expresses what the parties had before intended. And this is a just criterion. If the alteration only says what the parties meant, it is a harmless one. But can it be, in the *207 case at bar, that the change only expressed what the parties meant in the first place? Can it be claimed that when six was originally written seven was meant? Or does the note, in its new shape, evince the idea as it was at the time of the execution of the paper ?
Another consideration shows the materiality of this alteration." If this note were sued on in New York, where the legal rate is seven per cent., that rate of interest could be recovered, unless the defense was made that such recovery was against the law of Ohio where the paper was executed.. The defendant would then be put to the trouble and expense of proving what the law of Ohio was, as he would'be compelled to prove any other fact. And an alteration that requires a defendant to furnish other or different proof is material. So any alteration which changes the evidence or mode of proof is material. 2 Pars. N. & B. 564-582.
"We conclude, therefore, that this is a material alteration. The identity of the paper is destroyed and the surety has the right to say, in hoc fcedere non veni.
The defendant made a motion for judgment non obstante. The special verdict of the jury found, in answer to the third interrogatory, that the note was altered by one of the principals with the consent or by the direction of the plaintiff, and'in answer to the fifth, that it was without the conseut of the surety, Harsh.
As we understand the law, a material alteration of a note, by a principal, with the consent of the owner and holder, and without the consent of the surety, discharges such surety.
By section 277 of the code, “ when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly.” Upon these findings, therefore, the defendant is entitled to j udgment.
The case will be remanded to the common pleas, with directions to reverse the judgment of that court, and enter judgment for defendant.