DAVIS & HAMM COMMISSION COMPANY v. MOUNT VERNON BANK.

Decided December 15, 1910.

Agency—Draft—Purchase of Cattle.

A live-stock commission company did not, merely by authorizing a dealer purchasing cattle to draw on them for the purchase price, for which, together with their commissions for resale, they were to be compensated out of the price brought by the cattle when resold through them on the market, constitute such dealer their agent, nor become liable to the original seller or his assignee, as

principals, for the amount of the draft drawn by the dealer on them for the purchase price.

Appeal from the County Court of Franklin County. Tried below before Hon. G. E. Cowan.

A. J. Clendenen and L. W. Davidson, for appellants, cited: Coleman v. Colgate, 69 Texas, 88; Wright v. Daugherty, 50 Texas, 42; Latham v. Pledger, 11 Texas, 439; Meachem on Agency, secs. 100-102.

R. T. Wilkinson, for appellee, cited: I. & G. N. Ry. Co. v. Ragsdale, 67 Texas, 26; Pullman P. C. Co. v. Nelson, 22 Texas Civ. App., 223; Brennan & Son v. Dansby, 43 Texas Civ. App., 7; History Co. v. Flint, 16 S. W., 912.

LEVY, ASSOCIATE JUSTICE.—W. N. Connelly purchased certain cattle from Dawson & Dupree and delivered to them his draft for the sum of the agreed purchase price, payable to their order and drawn on appellant at Fort Worth, Texas. Dawson & Dupree transferred the check to appellee bank by endorsement for a valuable consideration. When the check was afterwards presented to appellant for payment it refused to honor it. The suit was brought by appellee bank against appellant and the endorsers to recover on the check. The petition predicates liability against appellant for the amount of the check sued for upon the sole ground that Connelly was acting as their agent in buying cattle and in drawing the check. The case was tried to the court.

The appellant challenges the judgment of the court against it upon the ground that the evidence fails to show the agency in Connelly in purchasing the cattle and drawing the check. The evidence establishes that appellants are engaged in selling live stock on the market at Fort Worth and charging commissions for their services. Connelly resides at Sherman, and wanted to buy and ship cattle and hogs to appellant to sell for him. Appellant agreed with Connelly that all cattle bought by him and shipped to them at Fort Worth would be sold in the market at Fort Worth by them for a commission on the sales and the necessary expense bill incurred in handling them there. Appellant also agreed that Connelly might draw his check on them for the purchase price of such cattle as he might buy, and refund the money so advanced when the cattle were sold. There was no employment of Connelly to purchase cattle. It was agreed that Connelly was to purchase the cattle on his own account, and for himself as sole owner, and at his own risk, and was to have all profits and bear all losses that might be incurred, and was to be credited with the entire proceeds of the sale of cattle shipped to appellant, less the commission and expenses of handling them due appellant. It was agreed that the money advanced to Connelly for the purchase of the cattle was to be repaid appellant after the sale in the market at Fort Worth. There was no definite number of cattle to be bought or shipped, or any definite time for the continuance of the

arrangement between the parties as to payment of checks. It seems to have been purely at the will of the parties. These facts are undisputed, and constitute the proof on which the court concluded that appellant was liable on the check sued on because Connelly was their authorized agent in purchasing and giving the check for the cattle. It is clear, we think, that the relation of principal and agent between appellant and Connelly could not be said to exist through any contract previously entered into between them. Connelly was buying the cattle for himself and as sole owner, to be shipped to the appellant merely for sale in the market; and the appellant, as broker for Connelly, was merely to sell them and receive a commission on the sale for its services. And it was not the intention of the parties to create an agency in the agreement to advance money to Connelly to carry on his business of buying cattle. According to the facts, the intention of the parties in this respect was to stand in a relation towards each other of lender and borrower. Clearly, in the facts, Connelly in his dealings with third parties had no authority to bind or represent appellant. Unless the conditions which constitute agency as a matter of law exist in the agreement to pay the check of Connelly for the cattle, then there is not shown any agency as against third persons. And it is a sufficient answer to this that appellant's agreement was merely to pay the draft given by Connelly to the purchaser when the draft reached them at Fort Worth. The agreement was no more than this. The contract of purchase and payment for the cattle was solely the undertaking of Connelly for himself alone. The payment of the agreed sum for the cattle to the seller was the primary obligation of Connelly. The only benefit appellant derived from the purchase by Connelly was for its personal service to him in the subsequent sale. So, when Connelly gave his check to the sellers of the cattle it amounted simply to an order on appellant to pay for him what they had previously agreed to let him have. If it had been a check on a bank at Fort Worth it would have been the same kind of a transaction. Merely making a draft on appellant at Fort Worth for the purchase price of the particular cattle, and that is the situation here, is not sufficient, we think, to constitute Connelly an agent, as a matter of law, of appellant in purchasing the cattle and paying for same. The petition sought to hold appellant liable in relation of principal and agent only, and that is the sole question passed on now. The evidence is insufficient to support the judgment as rendered, and it is reversed and here rendered for appellant with all costs; and as Dawson & Dupree did not appeal, the judgment against them is not disturbed.

*Reversed and rendered.*