JAMES A. CLARKE, in Equity, *vs.* ARTHUR E. MARKS, et al.

Cumberland.    Opinion November 5, 1913.

*Allegations. Answer. Cancellation. Corporation. Demurrer. Equity. Exceptions. False Representations. Remedy. Stock. Stockholders.*

The plaintiff in his bill alleges in substance that he bought capital stock in a corporation of one J. B. C. who was treasurer of the corporation, that he was informed and believed that there were no outstanding obligations of the corporation, that the treasurer then held the note of the corporation, issued to himself without authority and without consideration, that J. B. C. afterwards transferred the note to the defendant, after maturity, that the defendant brought suit on the note, and obtained a decision in his favor, but that the case was taken to the Law Court on motion and is still pending there. He does not allege that J. B. C. made any misrepresentations as to the outstanding obligations, when he bought the stock. His prayer is to have the defendant enjoined from prosecuting further his suit on the note, and that the note be surrendered.

*Held:*

1. That viewed as a stockholders' bill it is demurrable for want of allegation that it was brought for the benefit of all the stockholders or the corporation, and for want of allegation that the corporation and its officers have been requested to act, and have neglected or refused to do so, or that application to them would be useless.

2. That viewed as a bill for the relief of the plaintiff individually it is demurrable for want of allegation, that he was deceived by false representations made by J. B. C. as to outstanding obligations of the corporation.

3. That while a case is pending in the Law Court on exceptions or motion, the issue tried below is not res adjudicata.

4. That after a corporation has been defeated in an action against it, neither the corporation nor its stockholders, for the corporation, can have the other party enjoined from reaping the fruits of his victory, without showing some special equitable ground for restraint.

5. That J. B. C. is not an indispensable party to the bill.

On appeal and exceptions by respondent, Arthur E. Marks. Exceptions sustained. Demurrer sustained. Bill dismissed with costs, but without prejudice.

This is a bill in equity in which the plaintiff, James A. Clarke seeks to secure the cancellation of a certain promissory note dated April 1, 1908, for $17,500, payable to the order of John B. Candy and signed, "Prospect Realty Company, J. B. Candy, Treasurer," on the ground that said note was executed without authority, and was without consideration, and also to enjoin the further prosecution of an action at law thereon.

The defendant, Arthur E. Marks, demurred to said bill, and filed a plea in bar thereto. The presiding Justice overruled the demurrer and the plea in bar, to which ruling the defendant, Arthur E. Marks, excepted. The case was then heard before a jury upon bill, answer, replication and proofs and final decree in accordance with the prayer of the plaintiff was entered, from which decree the defendant Arthur E. Marks appealed to the Law Court.

The case is stated in the opinion.

*Henry H. Sawyer,* for complainant.

*Charles J. Nichols, and William C. Eaton,* for Arthur E. Marks.

*Walter B. Clarke,* for Prospect Realty Co.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SAVAGE, C. J. This is a bill in equity to secure the cancellation of a promissory note and to enjoin the further prosecution of a suit thereon. The allegations in the bill are, that the Prospect Realty Company, one of the defendants, is a corporation with a capital stock of 1000 shares of the par value of $10 each, all issued; that John B. Candy was treasurer and one of the directors of the corporation from its organization until July 16, 1912; that the only asset of the corporation is real estate in Cape Elizabeth of the value of $20,000; that on November 28, 1911, the plaintiff purchased of John B. Candy 997 shares of the stock, and gave in payment therefor his note for $10,000, running to said Candy and payable in three years from that date; that the plaintiff was informed and believed, and still believes, that there were no outstanding obligations against the corporation, except current taxes, and that the corporation was not indebted to Candy or any other person upon any note or other obligation; that defendant Marks, on April 6,

1912, instituted an action at law against the corporation, upon a promissory note for $17,500, dated April 1, 1908, payable on demand after date to his own order by the corporate name by "J. B. Candy, Treasurer," and by Candy endorsed without recourse to Marks; that in Ooctober, 1912, the decision of the court in the said action was rendered in favor of Marks for $17,500 with interest, to which decision the corporation filed a motion for a new trial, and the case is still pending in court; that the said $17,500 note was executed by Candy, as treasurer, without consideration and without authority, and without the knowledge of the directors of the corporation, and that it is null and void; that the plaintiff first learned of the existence of the said note on or about June 20, 1912; and that if the property of the corporation is sold under an execution obtained upon a judgment rendered in said action of Marks against the corporation the plaintiff will suffer irretrievable loss and damage, for which he has no adequate remedy at law. There are no other material allegations in the bill. The prayer is that the note be declared null and void, and that Marks be directed to surrender the same to be cancelled; that Marks be required to release an attachment made by him in his suit; and that he be enjoined from further prosecuting his said action, and from enforcing the judgment that may be obtained thereon. The bill is dated March 10, 1913.

To the bill the defendant Marks filed a general demurrer, which was overruled. He also filed a plea in bar, setting up, as res adjudicata, the decision of the court in the suit of Marks against the corporation, referred to in the bill. In the plea it is alleged that the writ in that case was duly served on the corporation, that it appeared by counsel and pleaded the general issue, and that the hearing was had before the court, sitting without a jury. Otherwise the plea merely restates the allegations in the bill. The plea was overruled. Then the defendant Marks answered the bill denying all allegations except the existence of the corporation, the fact that Candy was treasurer and director, and the institution and decision of his action against the corporation. The corporation answered admitting all the allegations in the bill, and joined in the plaintiff's prayer for relief. The case coming on for a hearing, issues of fact were framed and submitted to a jury, who answered (1) that the plain-

tiff did purchase 997 shares of the stock from Candy and gave his $10,000 note in payment, (2) that the $17,500 note was executed by Candy, without authority, and (3) that the corporation received no consideration for the $17,500 note. And a decree was thereupon entered in accordance with the plaintiff's prayers. The case is now before us upon defendant Mark's exceptions to the overruling of his demurrer and plea in bar, and upon his appeal from the decree.

· Under his demurrer, the defendant Marks contends that this is a stockholder's bill,. and that it is faulty and demurrable, because it does not allege that it is brought for the benefit of all the stockholders, nor that either the corporation or the directors have been requested to act and have neglected or refused to do so, nor that application to them would be useless. In other words, the point is that a single stockholder cannot act for the corporation, and maintain a bill for its relief and the protection of its stockholders, unless the corporation itself and its proper officers are unwilling or unable to· seek the appropriate relief, and that the neglect or refusal of the corporation or its officers must be alleged and proved. Such is the general rule. *Ulmer* v. *Maine Real Estate Co.,* 93 Maine, 324. And this case is not an exception. And such a bill must be brought for the benefit of all who are in like situation, and that must also be alleged.

But these defects, if open on general demurrer, are amendable, and since the case is before us on appeal also, we should be slow to dismiss the bill for want of proper formal allegations, or to send it back for amendment · without a consideration of the merits, but would instead, if the necessary facts appeared in proof, permit formal amendment on terms, before the final decree is entered. But, viewed as a stockholders' bill, there is another and fatal defect in the bill, namely, want of equity. The case stated by the bill is simply this. A corporation was sued upon a note, and defended unsuccessfully, for the time being at least. Then a stockholder undertakes to retrieve the fortunes of the corporation by having the plaintiff enjoined from proceeding further with the suit, on the grounds that the note was unauthorized and was without consideration. These grounds, if tenable, were open to the corporation in defense to the suit on the note. It is not alleged that the corporation did not defend. The entire issue was presumably before the

court in the action at law. The corporation had the power to use every defense. And it needs no citation of authorities to sustain the proposition that a corporation represents the stockholders, and that they are concluded by its action. The corporation itself, after defeat in an action at law, cannot then have its adversary restrained from reaping the fruits of his victory, without showing some special equitable ground for restraint. *Clark* v. *Chase,* 101 Maine, 270. No such equitable consideration is alleged in this bill. If an unsuccessful corporation cannot obtain equitable relief in such a case, no more can one of its stockholders.

But the plaintiff in argument says that this is not a stockholders' bill, that he does not bring the bill as stockholder for the benefit of the corporation and the protection of the stockholders, but for his own personal relief. He says that when he bought his stock of Candy, Candy, then treasurer, represented to him that there were no outstanding obligations against the corporation, and that he purchased in reliance upon that representation, that the representation was false in that Candy then held the $17,500 note against the corporation, that under such circumstances Candy would be equitably estopped from taking by judicial proceedings in satisfaction of the note a greater part, or at least a substantial part of all the property of the corporation which made the stock of any value, and that the estoppel might be made effectual by injunction; and further that Marks, who, says, is not a holder for value before maturity, stands in no better position than Candy would be in.

The defendant Marks in reply contends that the position now assumed by the plaintiff is an afterthought, conceived when it was discovered that the bill could not be sustained as a creditors' bill, and that the bill is demurrable, even on the present theory of the plaintiff, for want of proper allegation and proper parties. First, it is urged that the allegations in the bill, which are to be taken as true on the demurrer, disprove the present claim. It is alleged in the bill that the note is null and void, and from this it is argued that the representation as to obligations of the corporation, even if made, was not false, because a void note is not an obligation. This point we do not consider at present. Again it is claimed that Candy is a necessary party. We do not think so. No relief is sought against him. Neither his rights nor his liabilities will be affected, if the defendant prevails, while if the plaintiff prevails, the dam-

ages for which he may be liable for the false representation will be diminished. It is true that equity seeks to gather in all the parties whose interests may be affected, though they might not otherwise be bound by the judgment. It seeks so far as may properly be done to settle all matters that may grow out of this subject matter of the controversy. But it often happens that persons who may be proper parties are not indispensable parties. If, for instance, it is true, as the evidence seems to indicate, that Candy was beyond the jurisdiction of the court so that he could not be brought in as a party, we do not think the plaintiff should be deprived of relief against the only party who now has the power to harm him. Assuming, but not deciding, that Candy might be a proper party, we do not think that he is an indispensable party, as a matter of law.

But there is no allegation in the bill that any false representations were made to the plaintiff *by Candy*. This is vital. Such an allegation is indispensable. It is the very gist of the plaintiff's claim. If Candy did not misrepresent, then he would not have been estopped on that ground to enforce payment of the note, and should not be enjoined. And so of Marks, who stands in his shoes. On this ground the demurrer must be sustained.

The question now is whether the bill should be retained for amendment, or decided upon such evidence as we have, with amendment to be made below before decree, or dismissed. It is true that the plaintiff testified as to the representation now claimed, but the question whether Candy made any such representation was not in issue under the pleadings. But passing by, for the moment, the defect in pleading, the case does not seem to have been heard upon this issue. Although it was the foundation of the plaintiff's claim, this question of fact was not submitted to the jury, and does not appear to have been noticed by the Justice who heard the case. In view of these facts, and in view of the further fact that the bill will need to be reframed in several particulars to present properly the plaintiff's present claim, we think it advisable to dismiss the bill, but without prejudice.

The certificate will be,

> *Exceptions sustained.*
> *Demurrer sustained.*
> *Bill dismissed with costs,*
> *but without prejudice.*