Omar W. Chase et al. *vs.* George F. West et al.

Somerset.    Opinion March 8, 1922.

*The allegation that defendants were undisclosed principals in a contract between plaintiffs and Boyd & Harvey Co., a corporation, for the purchase of a quantity of hay, not sustained.*

The relation of the parties is shown by a written contract between the corporation and the defendants.

This contract neither discloses nor contemplates the relation of principal and agent. The facts that the defendants reserved no right to control the operations; that a formal contract was made between the parties as to what payments and how payments were to be made for the property; that the corporation was to provide all needed capital above a certain sum and that the parties were to mutually agree as to contracts and arrangements with third parties are all inconsistent with the relation of principal and agent.

On report on agreed statement. This is an action of assumpsit to recover for a quantity of hay sold by plaintiffs to Boyd & Harvey Co., a corporation, the plaintiffs alleging that defendants were undisclosed principals of Boyd & Harvey Co., in the contract. The defendants denied the alleged agency. Upon an agreed statement the case was reported to the Law Court. Judgment for the defendants.

The case is fully stated in the opinion.

*Charles O. Small,* for the plaintiffs.

*Butler & Butler,* for the defendants.

Sitting: Cornish, C. J., Spear, Hanson, Dunn, Morrill, Deasy, JJ.

Deasy, J. On agreed statement. Action of assumpsit to recover for a quantity of hay sold by the plaintiffs to Boyd & Harvey Co., a corporation. The plaintiffs claim to recover of the defendants as the undisclosed principals of Boyd & Harvey Co.

It is unimportant that the hay was sold upon the credit of the corporation and not upon that of the defendants because if the agency

existed as claimed such relation was admittedly undisclosed. *Upton v. Gray,* 2 Maine, 373; *Roberts* v. *Hartford,* 86 Maine, 463.

The defendants deny the alleged agency and thus the parties are at issue.

It appears that in 1915 the corporation (Boyd & Harvey Co. hereinafter called the corporation) having bargained for the purchase of a tract of Somerset County timberland known as the Bank Strip, for the purpose of financing the purchase of the land and lumbering operations thereon, entered into a contract with the defendants, which contract omitting formal parts and immaterial details is in substance as follows:—

Paragraphs (1) and (2) Defendants to take conveyance of the land and pay for same partly in cash and in part by notes and mortgage. (3) Defendants to furnish for lumbering operations $15,000— "as the progress of the operations shall demand." (4) Corporation to operate on the land at once, market the product and secure any further capital required for the purpose. Parties purchasing products and making advancements on same to be allowed the "usual liens." Contracts and arrangements to be mutually agreed upon by the corporation and defendants. (5) Proceeds of sales to go to defendants and "be disbursed by them in settlement of accounts accruing against said operations and purchase payments." (6) Corporation to receive $1.00 per M as an "administration fee." (7) Upon being reimbursed for all disbursements and liabilities and receiving the sum of $25,000, in addition thereto, defendants to convey to corporation the land together with all their interest in buildings, improvements, betterments, equipment, machinery, tools, timber, lumber, money, accounts, bills receivable or "property of any kind that may have been acquired by or for the said tract, or any operations connected therewith." (8) The corporation guarantees that the defendants shall receive said sum of $25,000, above disbursements and liabilities even though profits do not amount to so much. (9) Upon receiving conveyance of property as above, corporation to "assume and become responsible for the payment of any and all debts, claims and obligations then existing against or contracted for the said tract of land, or any operations thereon or in any connection therewith." (10) Corporation to cut and market at least 5,000,000 feet of lumber per year.

The agreed statement admits that the defendants furnished all moneys which by the terms of said contract they agreed to furnish, and applied all moneys received by them in accordance with the terms of said contract.

Some words in the contract seem to be consistent only with the plaintiffs' contention. Some phrases harmonize equally with both theories. But as a whole the contract clearly indicates that no agency was contemplated. An attempt is made to shuffle Boyd & Harvey Co. down to the bottom of the pack and turn up the defendant co-partnership as principal. The attempt though ingenious fails. The manifest and indeed admitted purpose of the contract was the financing of Boyd & Harvey Co.'s lumbering operations.

The defendants' connection with the matter was temporary, incidental and only for the purpose of securing their advancements and bonus.

The contract does not create the relation of principal and agent. A principal does not usually make a formal contract with his agent as to what the principal shall pay, and how he shall pay for the land upon which the agent is to operate. He does not ordinarily require the agent to supply the whole, or even a part of the capital needed for carrying on the principal's business. He commonly directs his agent and does not "mutually agree" with him as to what contracts shall be made.

The contract in this case gives the defendants no authority to control the lumbering operations. The defendants were to take title to the land, but merely to secure advancements and liabilities. They reserved the right to receive the proceeds of the operation but only to be disbursed and accounted for. They had no interest in the profits except as security for the payment of a fixed sum which, subject to the risk of insolvency, they were in any event to receive.

In the following cases involving facts somewhat analogous to those in the case at bar the relation of principal and agent was held—not shown.

*Burton* v. *Larkin,* (Kan.), 13 Pac., 398. *Krohn* v. *Lambeth,* (Cal.), 46 Pac. 164. *Davis* v. *Bank,* (Tex.), 133 S. W., 448. *Central Co.* v. *Bank,* (Ga.), 28 S. E. 863.

Somewhat complex relations between the parties are created by the contract. Under it the corporation is the defendant's debtor.

It is also an equitable mortgagor; (*Stinchfield* v. *Milliken,* 71 Maine, 570), and seemingly a lessee rather than a licensee. (*Marden* v. *Jordan,* 65 Maine 10, 24 Cyc., 889).

But taking the contract as a whole it does not make the corporation an agent to purchase supplies upon the credit of the defendants.

*Judgment for defendants.*