JOHN R. DEVINE

*vs.*

KATHERINE R. TIERNEY and GEORGE P. FINDLEN

Aroostook.   Opinion, July 8, 1942.

52

*George B. Barnes*, for plaintiff.

*Bernard Archibald,*

*Melvin P. Roberts*, for defendant George P. Findlen.

*Bernard Archibald*, for defendant Katherine R. Tierney.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

STURGIS, C. J. This is an appeal from a decree dismissing a Bill in Equity to redeem certain lands and buildings situated in Fort Fairfield, Maine, from an equitable mortgage.

On or about December 31, 1923, John R. Devine of Fort Fairfield mortgaged his homestead farm to the Federal Land Bank of Springfield, Massachusetts, and the mortgage not having been paid according to its terms was in due course foreclosed and the statutory period of redemption on August 1, 1937, had expired. On that day he procured the conveyance of the farm to his wife's sister Katherine R. Tierney of Arlington, Massachusetts, who gave the Federal Land Bank mortgages on account of the purchase price, paid the balance out of moneys of which he contributed a part and orally agreed that he should occupy the farm provided he paid the annual insurance premiums and taxes and installments due on the mortgages and that she would convey the property to him when he repaid her advances.

Pursuant to this agreement, John R. Devine, being then in possession of the farm continued with his family to occupy and operate it, paid the taxes and insurance premiums with reasonable regularity and kept up the installments due on the mortgages but having made no payments to Katherine R. Tierney on account of her advances, on February 17, 1941, without his knowledge or consent, for a valuable and adequate consideration she conveyed the entire property to George P. Findlen, one of the defendants in this cause, who claims title to the premises as a bona fide purchaser without notice.

Under the settled rule in this jurisdiction the transaction between John R. Devine and Katherine R. Tierney constituted an equitable mortgage. *Stinchfield* v. *Milliken,* 71 Me., 567; *Bradley* v. *Merrill,* 88 Me., 319, 34 A., 160; *Norton* v. *Berry,* 120 Me., 536, 115 A., 287; *Chase* v. *West,* 121 Me., 165, 168, 116 A., 213. The mortgagor had an equitable right to redeem the premises from the mortgage upon payment of the indebtedness or liability secured. *Linnell* v. *Lyford,* 72 Me., 280; *Norton* v. *Berry,* supra. And a resulting trust arose by implication of law in his favor. *Reed* v. *Reed,* 75 Me., 264; *Burleigh* v. *White,* 64 Me., 23; *Dudley* v. *Bachelder,* 53 Me., 403. The title of a purchaser of the premises from the equitable mortgagee, if for a valuable consideration, however, could not be defeated by a trust however declared or implied by law unless the purchaser had notice thereof. R. S., c. 87, § 18. If the equitable mortgagee conveyed the property to a bona fide purchaser without notice, although as to him the right of redemption was barred, the mortgagee remained a trustee for any balance of the purchase moneys received in excess of the amount due on the mortgage. *Linnell* v. *Lyford,* supra. If the conveyance was to a purchaser with notice he took the property subject to the outstanding equity and it may be redeemed from him. *Bradley* v. *Merrill,* supra; 41 *Corpus Juris* 368 n. 99 and cases cited.

Under the statute the notice which will defeat the title of a purchaser for a valuable consideration is actual notice either of the trust or of facts which would or ought to put him upon inquiry in reference to it. Where an intending purchaser has actual notice of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase he stands charged with notice of that which inquiry would have revealed by the exercise of ordinary diligence. This, in the judgment of the law, is actual notice inferred or implied as a fact from circumstances and the equivalent of actual notice proved by direct evidence. As to what facts are sufficient to excite inquiry in such a case and

charge the purchaser with implied actual notice under the statute there is no hard and fast rule. They must be such facts as would lead a fair and prudent man with ordinary caution to make inquiry. *Knapp* v. *Bailey*, 79 Me., 195, 9 A., 122, 1 Am. St. Rep., 295; *Bradley* v. *Merrill*, supra.

The facts established by the record compel the inference that the defendant, George P. Findlen, knew that the mortgagor and not his vendor was in possession of and operating the farm which he bought, a fact which alone did not directly prove actual notice of the existence of the outstanding equity or compel inquiry concerning it but, nevertheless, is a circumstance to be considered with others in determining whether inquiry should have been made. *Porter* v. *Sevey*, 43 Me., 519, 530. Compare *Coleman* v. *Dunton*, 99 Me., 121, 58 A., 430; *Hopkins* v. *McCarthy*, 121 Me., 27, 115 A., 513. Along with this we find that the purchaser more than a year before he bought the mortgaged premises when asked by the mortgagor to loan him money was told by him that "everything I have got is in that farm." And without contradiction the mortgagor testified that the purchaser after he bought the farm came to him to see why he didn't vacate and upon being told that it was because of his equity in the property stated that his vendor, the equitable mortgagee, had told him that "the equity was all used up." And finally in the face of this evidence the defendant, George P. Findlen, remained silent and did not testify in his own defense. He had a right, of course, to rely on the denials of his pleadings and submit his case on the complainant's proof but all the facts relating to his having received notice being peculiarly within his own knowledge, from his silence we must assume that he preferred the adverse inferences which might be drawn from the complainant's evidence "to any statements he could truly give or any explanations he might make." The failure of this defendant to take the stand under these circumstances is a fact which cannot be disregarded. *Union Bank* v. *Stone*, 50 Me., 595, 598, et seq., 79 Am. Dec., 631; *York* v. *Mathis*, 103 Me., 67, 81, 68 A., 746. We are

convinced that in this case the defendant, George P. Findlen, must be charged with notice that the property which he purchased was subject to the complainant's equity of redemption.

The defendant, Katherine R. Tierney, as made known in the bill is a nonresident and although served in hand with a copy of the bill outside this state did not appear generally and defend but through her counsel moved that the proceedings be dismissed for want of jurisdiction and as a part of the decree entered dismissal as to her was ordered. In this there was no error. It is axiomatic that the courts of equity of a state have no authority to render a decree in personam against a nonresident who has not been served with process within the state or voluntarily submitted to the jurisdiction.

The contention of the defendant, George P. Findlen, that his codefendant, Katherine R. Tierney, is an indispensable party to this proceeding and in her absence no decree against him can be entered is not sustained. When the equitable mortgagee conveyed the mortgaged premises, her vendee, with notice, occupied the position of an assignee of the mortgage. *DeClerq* v. *Jackson*, 103 Ill., 658. The redemptioner had notice of 'the assignment which apparently was absolute. In such a case no reason is found for departing from the general rule that demand for an accounting by the mortgagor must be made upon the assignee, a bill to redeem must be brought against him and the joinder of the original mortgagee is unnecessary. *Doyle* v. *Williams*, 137 Me., 53, 59, 15 A. (2d), 65; *Beals* v. *Cobb*, 51 Me., 348; *Williams* v. *Smith*, 49 Me., 564.

Inasmuch as on the case made by the bill and proof accounting by and redemption from the defendant, George P. Findlen, is the only relief to which the complainant is here entitled and a decree consistent with equity and good conscience can be entered which will effect him alone, the absent defendant is not an indispensable party. *Lawrence* v. *Rokes*, 53 Me., 110; *Clarke* v. *Marks*, 111 Me., 218, 88 A., 718; *Hyams* v. *Old Dominion Co.*, 113 Me., 337, 93 A., 899. The joinder of the defendant, Katherine R. Tierney, as a party does not require a

dismissal of the bill as to him on that ground. *Bugbee* v. *Sargent,* 23 Me., 269; *Brown* v. *Lawton,* 87 Me., 83, 32 A., 733; *Storey Eq. Pl.* § 237. And a dismissal as to her for want of jurisdiction which is necessary for the reasons already stated will effectively terminate her status in the bill as a party. *Rucker* v. *Morgan,* 122 Ala., 308, 25 So., 242; 21 *Corpus Juris,* 638, 30 C. J. S. Equity, sec. 571.

It appearing that the decree below in so far as it relates to the rights of the complainant against the defendant, George P. Findlen, was clearly wrong the appeal is sustained and the case remanded for the entry of a decree that the bill be sustained with costs of this appeal and in that court as to that defendant and that he be ordered to render an account as mortgagee in possession and when in further proceedings the amount due on the mortgage is determined appropriate orders be made as to the payment thereof by the complainant and a reconveyance of the mortgaged premises to him, and as to the defendant, Katherine R. Tierney, that the bill be dismissed for want of jurisdiction over her person.

*So ordered.*