WILLIAM L. VASSAR *vs.* MARY M. VASSAR ET AL.

Cumberland.    Opinion, August 3, 1946.

*Wilfred A. Hay*, for plaintiff.

*George H. Hinckley*, for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMPKINS, FELLOWS, JJ.

MURCHIE, J.   In this process, commenced by inserting a bill in equity in a trustee writ, the plaintiff seeks an accounting for, and the recovery of, $3,321.80, withdrawn by the principal defendant from a savings account opened by the plaintiff on February 18, 1935, by the deposit of $75 in his own name, and converted into a joint account with said defendant on July 16, 1936, when a deposit of $250.25 was made and the balance stood at $255.50. The bill alleges erroneously that the account was opened as a joint one and this is admitted in the answer. The evidence supports the plaintiff's allegation that the full amount of the account as it stood on September 25, 1942 was withdrawn by the principal defendant and re-deposited in her own name.

. The plaintiff and the principal defendant are husband and wife. The process was instituted under R. S. 1930, Chap. 74, Sec. 6 (now R. S. 1944, Chap. 153, Sec. 40), in accordance with the jurisdiction conferred by R. S. 1930, Chap. 91, Sec. 36, Par. IX (now R. S. 1944, Chap. 95, Sec. 4, Par. IX). The evidence presents three conflicting stories concerning the opening and handling of the savings account, told by the husband, the wife, and the former counsel of the latter, which cannot be reconciled with themselves, the allegations of the bill and answer, or the decree. The facts nevertheless are apparent and cannot be said to be in dispute on any point controlling the decree.

The single justice who heard the case found that the husband and wife, at some unstated time, entered into an undertaking to which they should devote their separate efforts and from which

they should share equally, and that the money in the joint account represented the proceeds of that undertaking. His decree ordered the principal defendant to pay the plaintiff one-half the sum withdrawn and its earnings. Plaintiff's appeal presents the entire matter for the determination of this Court.

The plaintiff's factual recital is that he placed the name of his wife on the bank pass-book for his own convenience; that he kept the book within his own control at all times, although making it available to her for depositing and withdrawing funds from time to time at his direction; and that all the money deposited in the account represented the proceeds of his labor, paid to him by a corporation which he organized, owned and conducted.

The wife's testimony asserts that she was an employee of the plaintiff's corporation, working in reliance on his promise that the corporation would pay her $10 weekly; that she never received the money but was assured by the plaintiff repeatedly that her compensation was being deposited in a bank; and that her name was placed on the pass-book at her insistence, after which she retained the custody and control of it.

Except for the variance as to the time when the name of the wife was placed on the pass-book, which is not material to the issue, the testimony of the plaintiff is consistent with his allegations and is supported in many essential parts by that of an employee who kept the corporate books and the accountant who prepared the corporate returns, including the income tax and social security returns. The name of the wife never appeared as an employee on the books of the corporation or in its returns to government authorities.

The wife's evidence does not support either the allegations of her answer or the decree under review. Assuming that she had justification for the belief that her labor, in attending the telephone which served plaintiff's business and that of his corporation at the home where the parties resided, assisting in the corporate accounting, and generally, was to be compensated by a fixed wage (and that the plaintiff agreed thereto), there is no evidence

that the business of the corporation was conducted on that basis. The transcript of the bank account shows that it amounted to no more than $277.25 on May 27, 1940, more than five years after it was opened and almost four years after it was made into a joint account, and that more than two-thirds of the total it represented at the time it was withdrawn had been deposited during the fifteen-month period immediately preceding.

The evidence given by the former counsel of the wife is in general accord with an allegation of her answer, that the money was deposited for the benefit of the husband, the wife and their minor child, but does not support the claim that a part of it was hers, or the finding that it represented the proceeds of the labor of both husband and wife. It has long been recognized in this jurisdiction that where a gift between a husband and wife is in issue the alleged donor's intention to pass title must be clearly shown. *Lane v. Lane*, 76 Me., 521; *Staples v. Berry*, 110 Me., 32, 85 A., 303; *Garland, Appellant*, 126 Me., 84, 136 A., 459. The *Staples* and *Garland* cases, supra, deal with joint savings accounts of husbands and wives against which either might draw. The latter, like the present one, shows a contract with the depositary recognizing the right of survivorship. The decision under review is not based on a finding of intention by the husband to make a gift nor would the evidence have warranted such a finding. It is grounded instead in a finding that the money was owned by the parties equally without reference to its deposit. There is no evidence to support that finding.

The decree must be set aside, but in the absence of decision on one issue raised by the pleadings, a final disposal of the process cannot be ordered at this time notwithstanding the general principle that equity will settle all rights involved in any proceeding on which it acts. *Bailey v. Myrick et al.*, 36 Me., 50; *Clarke v. Marks et al.*, 111 Me., 218, 88 A., 718. The statute (R. S. 1930, Chap. 74, Sec. 6) declares expressly that a bill brought under it shall be dismissed if it appears that the plaintiff has conveyed any property for the purpose of cheating or defrauding creditors.

The principal defendant alleges in her answer that the plaintiff:

"is in court with unclean hands and is not entitled to the relief which he seeks."

There is evidence which might indicate, if believed, that the plaintiff was facing the possibility of litigation during the time the major portion of the fund was being deposited and made the deposits for the protection of his family as distinguished from creditors. If it was his purpose to cheat or defraud, then he is not entitled to recover any part of the deposited money in this process. Decision of the case should await factual determination of that issue.

In the *Clarke* case, supra (111 Me., 218), a bill was dismissed without prejudice when a question of fact which might have been controlling, and was presented by the pleadings, had not been submitted to the jury which passed upon the facts. The issue as to its disposal in this Court was whether or not it should be retained for amendment. It seems more orderly to remand this case for further proceedings, that the particular statutory issue may be passed upon by the trier of facts on the present record or after further hearing.

*Appeal sustained.*
*Decree below set aside.*
*Case remanded for further proceedings.*