CARL H. SCRIBNER
*vs.*
WILLIAM CYR

Penobscot.   Opinion, November 22, 1952.

*A. M. Rudman,* for plaintiff.

*Pilot, Collins & Pilot,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On motion. Action on a promissory note. The defendant pleaded material alteration of the note after delivery. The note was typewritten. Upon examination of the note it is apparent that the words *with interest* had been inserted between the second and third lines near the left-hand margin thereof, and that they have been erased.

The plaintiff introduced the note and rested. The defendant testified that when he executed the note the words *with interest* did not appear therein. He further testified that about ten days prior to the day the first installment of the note was to become due, he received a notice from a bank that the note was in the bank for collection; that he went to the bank, tendered the installment of one hundred dollars then due, but that the man in the bank demanded interest; that he saw the note in the bank and that it then contained the words *with interest,* which have since been erased. He testified that he refused to pay the interest, took back the one hundred dollars and left the bank. He further testified that he then went to the plaintiff and called to his attention the fact that the note had been altered; and that the plaintiff then told him that it was necessary to insert the words *with interest* to make the note legal. He further testified that he told the plaintiff he would not pay the note and that he was going to consult his lawyer. He also testified that after he had refused to pay the note he received another notice respecting the note.

*The plaintiff did not testify. Nor was any explanation made of his failure to testify.* He called two witnesses, employees of the Old Town Branch of the Eastern Trust and Banking Company. Mr. Porter, the manager, testified that the plaintiff brought the note to him on the day the first installment was due and that he then protested the note at the

plaintiff's request. He testified that at that time the words *with interest* did not appear on the face of the note. He based this solely on the fact that his copy of the protest notice made no mention of interest being due. He also testified that the note had never been in that bank for collection. Mr. Baillargeon, another employee of the Eastern Trust and Banking Company at the Old Town Branch, testified that he had no recollection whatever of the note and had never seen it or the defendant before the time of the trial, and that he and Mr. Porter were the only male employees at the branch bank.

The jury found for the plaintiff. The defendant filed a general motion for a new trial and the case is now before us on that motion.

It is to be noted that this is not the ordinary case presented when the defense to a promissory note is that the same has been materially altered. The usual case involves an attempt on the part of the holder thereof to enforce the note in what the defendant claims is an altered condition. Here the plaintiff is now attempting to enforce the note in what the defense claims was its original condition, but after a material alteration thereof had been made and then erased.

If the words *with interest* were written into the note by the holder thereof after delivery they would constitute a material alteration of the note. Such alteration would render the note void and would constitute an absolute defense to any action thereon. R. S. (1944), c. 174, Secs. 124, 125; *Lee* v. *Starbird,* 55 Me. 491; *Waterman* v. *Vose et al.,* 43 Me. 504. The fact that such alteration was subsequently erased would not restore validity to the note. *Waterman* v. *Vose et al., supra;* 2 Am. Jur. 661, Sec. 90; 3 C. J. S. 914, Sec. 8; 2, C. J. 1180, Sec. 12, n. 67-68.

The fact that the words *with interest* were written into the note, which was typewritten, out of regular order and

that they have since been erased, together with the further fact that the defeasance clause in the mortgage securing the note did not provide for the payment of interest, are very suspicious circumstances. They cast suspicion on this note. They are entirely consistent with and tend to establish the fact that the words were inserted in the note after it was issued. These facts, coupled with the foregoing positive testimony of the defendant, certainly subject the plaintiff to the burden of going forward with testimony to explain when and in what manner the apparent alteration and erasure thereof came to be upon the note.

The note was in the plaintiff's possession. The alteration had been specifically pleaded. Inspection of the note disclosed the insertion and erasure of the words *with interest*. This must have been known to both the plaintiff and his counsel. We can assume that plaintiff and his counsel must have fully realized that suspicion was cast upon the note by the insertion and erasure of these words. They must have realized that if the words were inserted and erased after the note was issued such action would constitute an absolute defense to the note. If the insertion of the words *with interest* and the erasure thereof were innocently done (viz.: at a time or under circumstances which would not affect the validity of the note), the plaintiff should be able to offer some explanation thereof. Furthermore, the physical condition of the note is entirely consistent with the foregoing testimony of the defendant. Unless that testimony was true the plaintiff could, and we believe would, deny it. At least such is the action that one would reasonably expect an honest man with an honest claim to take. The foregoing testimony by the defendant is either true or intentionally false. It cannot be the result of faulty recollection or misunderstanding on his part. It is either true or its relation by the defendant under oath constituted deliberate, wilful perjury. Perjury is not to be presumed.

The unexplained failure of the plaintiff to even offer himself as a witness and to deny the testimony given by the defendant respecting their conversation leads to but one conclusion. That conclusion is, that the defendant's testimony is true, that a denial of his statements by the plaintiff would be perjury, and that this was a risk that the plaintiff did not choose to take. The testimony of the two employees of the Old Town Branch of the Eastern Trust and Banking Company does not cast sufficient doubt on the defendant's testimony to overcome the effect of the plaintiff's silence when it had become his duty to speak. Nor would it justify the jury in disregarding the positive, uncontradicted testimony of the defendant relating the conversation between himself and the plaintiff relative to the alteration of the note.

The unexplained failure of a party to testify with respect to material facts within his own knowledge, or to take the stand and deny the existence of material facts testified to by the adverse party, has long been recognized as proper matter for the consideration of the jury. *Page* v. *Smith,* 25 Me. 256; *Perkins* v. *Hitchcock,* 49 Me. 468, 477; *Union Bank* v. *Stone,* 50 Me. 595, 599; *York* v. *Mathis,* 103 Me. 67, 81; *Devine* v. *Tierney and Findlen,* 139 Me. 50, 55; *Bubar* v. *Bernardo,* 139 Me. 82, 88; *Berry* v. *Adams,* 145 Me. 291, 295. In cases of this character it is ordinarily stated that the jury are to give such weight to the fact that the plaintiff did not appear to testify in the case, or did not deny the testimony of the defendant, as they think it deserves. But as stated in *Union Bank* v. *Stone, supra:* "The importance of any given fact or circumstance is ever varying—according to the ever changing facts and circumstances with which it is surrounded."

There may be cases, however, where the unexplained failure of a party to take the witness stand and testify as to

facts within his own knowledge, or to deny facts testified to by his adversary is of such importance and so significant in connection with the other facts in the case that a jury can reasonably reach but one conclusion with respect thereto. This is such a case.

Here the plaintiff's failure to controvert the positive testimony of the defendant cannot be explained, as is often the case, as the result of careless inadvertence. On this record it was not a mere failure by the plaintiff to deny a single though important fact. It was the deliberate failure to even take the witness stand in his own behalf, and there meet *the issue* tendered by the pleadings. Not only did he fail to explain that which it should be in his power to explain, the suspicious condition of the note, but he also failed to deny the detailed testimony of the defendant relative to a conversation with himself which, if true, was fatal to his right to maintain his action. If this testimony were true, and the plaintiff knew it to be true, he might well be silent. The utterance of the truth would destroy his cause of action. He does not offer his own testimony with respect to crucial facts known only to himself and the defendant, and concerning which the defendant's testimony is a complete answer to his cause of action. As well said by this court in *Union Bank* v. *Stone, supra:*

> "He prefers the adverse inferences, which he cannot but perceive may be drawn therefrom, to any statements he could truly give, or to any explanations he might make. He prefers any inferences to giving his testimony. Why? Because no inferences can be more adverse, than would be the testimony he would be obliged, by the truth, to give."

The verdict of the jury in this case must have been based upon the fact that they considered the rule as to the effect of alterations of a note a harsh one and one which would

allow the defendant to escape what, in its inception, had been an honest indebtedness.

*Motion sustained.*

*New trial granted.*