**ELLSWORTH MARINE, INC.**

v.

**Patrick DAVIS.**

Supreme Judicial Court of Maine.

Argued May 3, 1984.

Decided Oct. 4, 1984.

iences caused by the impurities in the Wiscasset water," that the Wiscasset water was worth no more than existing rates.

James E. Patterson (orally), Ellsworth, for plaintiff.

Silsby & Silsby by Raymond L. Williams (orally), Ellsworth, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

This appeal raises once more the issue of when it may be proper for a trial justice to direct a verdict. The Superior Court had directed a verdict on two major issues. We affirm with respect to one of the directed verdicts and vacate with respect to the other.

In March, 1977, the Defendant, Patrick P. Davis, began to work in the Ellsworth outboard motor service and repair business of the Plaintiff, Ellsworth Marine, Inc., as a mechanic and general manager. In April, 1978, the Defendant abruptly departed, closing the shop and removing much of the inventory, claimed by him in payment for debts owed him by the Plaintiff.

The Defendant soon after entered a complaint against the Plaintiff's president, William Tuite, seeking compensation for various personal services connected with the business. The Plaintiff then commenced suit against the Defendant for conversion. The Defendant counterclaimed for breach of contract and sought damages for unpaid wages and overtime pay, repayment of a loan, and reimbursement for various expenses. The two actions were consolidated for trial in Superior Court, Hancock County. The first action culminated in a judgment against Tuite for $90, which is not challenged in this appeal.

At the jury trial, held on April 20–22, 1983, Tuite testified that the Defendant removed all the items inventoried in three receipt books. These items included chain saws, gas tanks, and various other parts and accessories, with a total value of $5,618.83. Tuite further alleged that the Defendant also took several items not listed in the receipt books, including cash receipts in the amount of over $500, used outboard motors worth $1,400, and miscellaneous items with a total value of $550.

The Defendant admitted to removing the items valued at $5,618.83 but denied taking anything else. He also admitted that he was to be paid for overtime work only if the business became profitable and that it was not making a profit when he quit.

The court granted the Plaintiff's motions for directed verdicts in its favor on the Defendant's liability for conversion and on that portion of the Defendant's counterclaim which related to overtime pay. The jury returned a verdict for the Plaintiff on its conversion claim in the amount of $8,076.01 and a verdict for the Defendant on his counterclaim in the amount of $1,813.90. On appeal, the Defendant challenges the directed verdicts and also alleges insufficiency of the evidence to support the jury verdicts.

We have repeatedly advised the Superior Court to be chary of removing factual issues from the jury's consideration. *See, e.g., Poirier v. Hayes,* 466 A.2d 1261, 1264 (Me.1983); *Reed v. Rule,* 376 A.2d 445, 446 (Me.1977). "Only if the correctness of directing a verdict appears so clear to the presiding justice that all reasonable doubts of possible error or uncertainty have been removed in his mind should he grant it." *Poirier v. Hayes,* 466 A.2d at 1264, *quoting Moore v. Fenton,* 289 A.2d 698, 700 n. 1 (Me.1972); *see also Portland Valve, Inc. v. Rockwood Systems Corp.,* 460 A.2d 1383, 1386 (Me.1983).[1] The manner in which the justice in the trial below directed a verdict on the issue of conversion created a substantial risk of possible error or uncertainty.

The Plaintiff accused the Defendant of not one but several acts of conversion, each involving separate items and allegedly occurring at different times. The Defendant admitted only one act of conversion when he conceded that on or about April 14, 1978, he removed certain discrete items belonging to the Plaintiff which were catalogued in three receipt books and which had an alleged value of $5,618.83.[2] Had the presiding justice limited the directed verdict to liability for this single act of conversion, we would have no difficulty, in light of the Defendant's own admission, in

upholding the justice's action. *See Zagarri v. Nichols,* 429 S.W.2d 758 (Mo.1968). *Cf. Scribner v. Cyr,* 148 Me. 329, 333–34, 93 A.2d 126, 128 (1952).

Instead, however, the justice simply directed a verdict for the Plaintiff on the issue of the Defendant's liability for conversion and instructed the jury to determine the damages thereon. It was left in doubt whether the jury was expected to decide which items were converted or merely to decide what was the value of all the items the Defendant was alleged to have appropriated; but by treating the several alleged conversions in a unitary fashion, the justice could have given the jurors the impression that the question of liability for *all* the alleged conversions had been removed from their consideration.

This impression may have been strengthened by the justice's instructions regarding this directed verdict. The justice told the jury:

> ... I've ruled that as to liability on Ellsworth Marine's complaint, they should recover some sum—that sum to be determined by you. There is in fact no right to take property in satisfaction of a perceived debt even if the debt is owed .... So, that in terms is Ellsworth Marine's complaint, whatever fair compensation is for the property taken by Mr. Davis is owed by him to Ellsworth Marine, Inc.

The court never indicated that the jury had to determine what property the Defendant actually took. The court further instructed the jury that "[i]n terms of the conversion action, ... there is really no question on liability" and that "there is no dispute" about the Defendant's liability for conversion.

■ In fact, except with regard to the one act of conversion for which the Defendant admitted responsibility, his liability for conversion was very much in dispute.

---

1. There need be no similar restraint in granting a judgment notwithstanding the verdict when such judgment is warranted. *See Poirier v. Hayes,* 466 A.2d 1261, 1264 (Me.1983).

2. On the elements of conversion, *see generally* W. Prosser, *Handbook of the Law of Torts* § 15 (1971).

Where, as here, the evidence is sufficient to present a question of fact for the jury, the granting of a directed verdict is improper. *Poirier v. Hayes; Martin v. Deschaine,* 159 Me. 155, 156, 189 A.2d 569, 570 (1963); *see generally* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.2 (2d ed. 1970 & Supp.1981).

■ As to the counterclaim for overtime pay, on the other hand, the directed verdict was entirely proper. The Defendant admitted that the agreed upon precondition for his receiving reimbursement for overtime work—that the business operate at a profit—was never fulfilled during his employment with the Plaintiff. There was no other evidence from which the jury could permissibly infer that he was entitled to overtime pay. Moreover, far from objecting to this directed verdict at the time it was granted, the Defendant's attorney conceded: "I think we might be in trouble on the overtime, just from what [the Defendant] testified to himself." We find no error in this directed verdict, much less any obvious error.

■ The Defendant also argues that the evidence was insufficient to support the verdicts reached by the jury. We will not disturb a jury's findings unless they lack any competent support in the record. *See Chase v. Burrell,* 474 A.2d 180, 182 (Me. 1984). After carefully reviewing the record, we find that the evidence was sufficient to support the verdicts.

Accordingly, we affirm the judgment on the counterclaim. We vacate the judgment on the conversion claim and remand so that the parties may be afforded a new trial on the issue of liability for the several alleged conversions and on the issue of damages.

The entry is:

Judgment on conversion claim vacated and remanded for further proceedings consistent with the opinion herein.

Judgment on the counterclaim affirmed.

All concurring.